No. 36,159

In re Estate of Lucy E. Dudley, Deceased (ALVA S. ADAMS, Executor, *Appellee,* v. ROBERT DUDLEY CASEY, *Appellant*).

(152 P. 2d 678)

Opinion filed November 4, 1944.

*Ralph H. Noah,* of Beloit, argued the cause for the appellant.

*L. A. McNalley,* of Minneapolis, argued the cause for the appellee.

The opinion of the court was delivered by

HARVEY, J.: The appeal here is from an order of the district court which dismissed an appeal from the probate court.

The pertinent facts may be stated as follows: On August 7, 1942, Alva S. Adams, the executor named in the will of Lucy E. Dudley, deceased, filed in the probate court a petition to have it admitted to probate. On August 24 Robert Dudley Casey, a grandson of the testatrix, filed written defenses to the probate of the will. The petition to admit the will to probate and the defenses thereto came on for hearing in the probate court on September 5, and evidence was introduced by both parties. The court took the matter under advisement until September 12, on which date it overruled the defenses and made an order admitting the will to probate, and appointing Alva S. Adams as the executor. He qualified as such and proceeded to administer upon the estate.

On May 18, 1943, Robert Dudley Casey, by his attorney, served upon the executor a notice of appeal from the order of September 12, 1942, admitting the will to probate, and filed the same in the probate court the next day. On August 25, 1943, Robert Dudley Casey filed in the probate court an appeal bond in the sum of $500. The probate court had not been requested to fix the amount of the appeal bond, and none had been fixed. The time provided by statute (G. S. 1943 Supp. 59-2404) for the appeal had expired on June 12, 1943. The probate court declined to approve the appeal bond and declined to certify the papers to the district court.

In due time the executor filed his final account and a petition for its approval, and the hearing thereon was fixed for October 1, 1943. On that date Robert Dudley Casey, by his attorney, filed a written objection to the hearing of the petition for final settlement upon the ground that the court did not have jurisdiction of the estate, "for the reason that an appeal had been taken and the sufficiency and merits of which are for the determination of the district court," and that the judge of the probate court "wrongfully failed, neglected and refused to approve the bond filed herein and has failed, neglected and refused to send the transcript of the above entitled estate to the district court." Embodied in the objection was a request that the court forthwith approve the appeal bond, and in any event to send a transcript of the estate forthwith to the district court. The court heard the petition for the approval of the final settlement and the objections thereto and took the matter under advisement until Octo-

ber 5th, on which date the court denied the objection and approved the final settlement. Counsel for the opponent announced his intention to appeal to the district court and asked the court to fix the amount of the bond, and the court did fix the amount of the bond at $250. On October 15, 1943, Robert Dudley Casey served and filed with the court his notice of appeal from the ruling of the court of October 5th and on October 18, 1943, filed an appeal bond, which was approved by the probate court. The necessary papers were then certified to the district court.

In the district court the executor, by his attorney, moved that the appeal be dismissed, for the reason "that the order appealed from is not an order from which an appeal can be taken," that the appellant had "submitted himself to the general jurisdiction of the probate court . . . on October 5," that he had "waived his former pretended appeal," that "the remedy taken by the appeal is not the proper remedy to secure the relief sought," and the court did "not have jurisdiction over the matter involved for the reason that the attack here made is a collateral attack upon another judgment of the probate court." This motion was heard by the district court on December 3, 1943, and on January 10 and 11, 1944, and was sustained. Robert Dudley Casey has appealed from the order sustaining that motion.

Appellant made no claim either in the probate court or the district court that the final account of the executor was inaccurate in any particular, and no claim of that kind is made here. In the brief for appellant it is frankly stated:

"On petition for final accounting and settlement of the estate a second appeal was taken for the purpose of getting the record before the district court; this appeal is not here important."

Appellant's argument here is that the effort he made to appeal from the order admitting the will to probate was a sufficient compliance with the statute for an appeal from that order, and that the appeal having been taken from the order admitting the will to probate, the probate court had no jurisdiction to entertain or pass upon the petition for the approval of the final account.

The position is not well taken. The pertinent statute (G. S. 1943 Supp. 59-2407) reads:

"An appeal from an order admitting a will to probate shall not suspend the operation of the order until the appeal is determined, but no distribution to heirs, devisees, or legatees shall be made pending the appeal. . . ."

So, when the will was admitted to probate and the executor was appointed and qualified he had authority under the statute to proceed to administer the estate. This is true even though an appeal had been regularly taken promptly. The executor had authority to collect the assets of the estate, have appraisement made, give notice to creditors; valid claims against the estate might have been presented and allowed, and everything could have been done except making distribution to heirs, devisees or legatees, and had an appeal been properly taken a final account of the executor might have been presented and approved. In this case had the appellant desired to have the order of final distribution delayed, pending what he regarded as an appeal from the order admitting the will to probate, he might very well have asked the probate court to delay an order of distribution. No such request was made.

Had the appellant thought he had done all that is required by the statute in order to perfect an appeal from an order admitting the will to probate, and the probate court had refused to approve his bond and to certify the papers to the district court, the appellant might have brought a mandamus proceedings either in the district court or in this court to compel the probate court to approve the bond and to certify the papers. While this remedy is not specifically mentioned in the probate code, we have no hesitancy in saying that it is a remedy that would have been available to appellant. Indeed, counsel for the appellant in his argument before this court made a statement indicating that he was fully aware of his right to such a remedy. In such a mandamus action the question of whether or not he had complied with the statute for perfecting his appeal from the order of the probate court could have been put directly in issue and determined.

The appeal from the order approving the final account was not a proper procedure to raise the question of whether what had been done in an effort to appeal from the order of the probate court admitting the will to probate did in fact perfect the appeal.

In this court appellant stresses the last sentence in G. S. 1943 Supp. 59-2405, which reads:

"Whenever a party in good faith gives due notice of appeal and omits through mistake to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just."

The contention is that, having given a notice of appeal within time, he might give the bond two or three months after the time for

appeal had expired. Appellant is not in position to present this question for the reason that he never made any request upon the district court within the purview of this statute. We add, however, that the purpose of the quoted sentence was to prevent trivial imperfections from defeating an appeal. Certainly the court would be reluctant to say that the simple giving of a notice of appeal would justify the delay of giving any bond until after the time for appeal had expired.

The judgment of the court below is affirmed.