Nos. 39,606 and 39,655

In the Matter of the Estate of Stanton E. Freshour, Deceased. LISLE C. FRESHOUR and ESTHER GATEWOOD, *Appellants*, v. GEORGE KING, Executor of the Estate of Stanton E. Freshour, Deceased; BISHOP FRANK A. THILL, Bishop of the Salina Diocese; the TRUSTEES OF THE FIRST METHODIST CHURCH OF HAYS, KANSAS, a corporation and REVEREND FATHER ALFRED, Pastor of St. Joseph's Parish, Hays, Kansas, *Appellees*.

(280 P. 2d 642)

Opinion filed March 5, 1955.

*Marvin E. Thompson,* of Russell, argued the cause, and *George W. Holland, Oscar Ostrum* and *J. Eugene Balloun,* all of Russell, were with him on the briefs for the appellants.

*F. F. Wasinger,* of Hays, argued the cause, and *Simon P. Roth, Jr., Henry*

494

*F. Herrman* and *Norman W. Jeter*, all of Hays, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: The basic question in these consolidated appeals concerns the power and jurisdiction of the district court, under the facts presented, to permit an amendment to a concededly defective and insufficient notice of appeal from the probate court.

Stanton E. Freshour, a resident of Ellis County, died on April 23, 1953, leaving as his only heirs-at-law his son Lisle and his daughter Esther. He left a last will and testament dated February 6, 1952, which named George King as the executor thereof.

The will contained specific devises to Lisle, Esther, Bishop Frank A. Thill, or his successor, as Bishop of the Diocese of Salina, for the benefit of the parish of Saint Joseph's Catholic Church, Hays, Kansas, and to the Trustees of the First Methodist Church, Hays, Kansas, for the benefit of the members of such church. The residue of the estate was bequeathed and devised one-third to Lisle and Esther, share and share alike, one-third to the Bishop, as aforesaid, and the remaining one-third to the Trustees, as aforesaid.

On April 27, 1953, King filed a petition to admit the will to probate. Due notice of the hearing thereof was given to all parties interested.

To this petition for probate Lisle and Esther (hereafter referred to as appellants) filed an answer and cross-petition which alleged that at the time of execution of the purported will the testator was incompetent, of unsound mind, and without testamentary capacity. The prayer was that the purported will be rejected and denied probate, for a finding that decedent died intestate, and that letters of administration be issued to appellants.

On June 11, 1953, following a hearing, the probate court denied the answer and cross-petition, admitted the will to probate, and appointed King as the executor thereof.

On September 28th appellants filed their notice of appeal to the district court. The material portions thereof read:

"NOTICE OF APPEAL

"TO: GEORGE KING, as executor under the last will and testament of Stanton E. Freshour, deceased, and to F. F. WASINGER and SIMON ROTH, JR., attorneys of record of said George King, executor:

"You and each of you are hereby notified that Lisle C. Freshour and

Esther Gatewood, as the heirs at law of Stanton E. Freshour, deceased, do hereby intend to appeal and do appeal to the District Court of Ellis County, Kansas from the following judgment, order, decree and decision made and rendered by the Probate Court of Ellis County, Kansas, on June 11, 1953, to-wit:

"1. An order admitting the written instrument purporting to be the last will and testament of Stanton E. Freshour to probate.

"2. An order appointing George King as executor under said purported last will and testament of Stanton E. Freshour, deceased."

Service of this notice was had on one of the attorneys for the executor.

On the following day appellants filed their appeal bond. No contention with respect to that is made.

From the record it appears that nothing further was done in the matter until February 1, 1954, that being the opening day of the February term of court, at which time counsel for appellants, counsel for the executor, counsel for the Bishop, and counsel for the Trustees, appeared in court. Counsel for appellants orally requested that the case be tried by an advisory jury. This request was denied. Thereupon counsel for all parties moved the court to set the matter for trial on a day certain. Accordingly the case was set for trial by the court for March 22, 1954.

On March 20, 1954, the executor, the Bishop and the Trustees filed their joint motion to dismiss the appeal on the following grounds:

"1. That the Notice of Appeal is insufficient and defective.

"2. That no proper notice of appeal was served upon the adverse parties in this cause as provided by law.

"3. And no proper notice of appeal was served upon the executor, Bishop Frank A. Thill and the First Methodist Church, or their attorneys or the Probate Judge of Ellis County, Kansas, for adverse parties, as provided by law.

"4. That the court has no jurisdiction over the subject matter, parties and cause."

On March 22, 1954, the date set for trial of the case, this motion to dismiss the appeal was taken up and argued. At that time appellants orally moved the court for an order permitting them to amend their notice of appeal by adding after the word "executor" in the third [fourth] line thereof the following:

"and to the Probate Judge of Ellis County, Kansas, for any and all adverse parties."

This motion to amend the notice of appeal was denied on

the ground the court had no jurisdiction of the cause, and at the same time the motion to dismiss the appeal was sustained.

From these orders appellants have appealed, and the case is docketed as case number 39,606.

Appellants' motion for a new trial, their written motion to amend the notice of appeal, and their motion for the court to rescind its former order, all being overruled, they have appealed, and the same is docketed as case number 39,655.

It will be seen the question in each appeal is the same—was the trial court correct in denying the motion to amend the notice of appeal and in sustaining the motion to dismiss?

Our statute, G. S. 1949, 59-2405, providing for appeals from the probate court to the district court, reads:

"To render the appeal effective: (1) The appellant shall serve upon the adverse party or his attorney of record, or upon the probate judge for the adverse party, a written notice of appeal specifying the order, judgment, decree, or decision appealed from, and file such notice of appeal in the probate court with proof of service thereof verified by his affidavit. (2) The appellant, other than the state or municipality or a fiduciary appealing on behalf of the estate, shall file in the probate court a bond in such sum and with such sureties as may be fixed and approved by the probate court, conditioned that he will without unnecessary delay prosecute the appeal and pay all sums, damages, and costs that may be adjudged against him. (3) Whenever a party in good faith gives due notice of appeal and omits through mistake to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just."

By the very language of the statute, service of the notice may be had upon (1) the adverse parties, or (2) their counsel of record, or (3) the probate judge for the adverse parties.

While no serious contention with respect to the matter is made, we first discuss the question of who were adverse parties.

As to the meaning of the term, as used in the statute under consideration, it has been defined as having

"reference to and includes parties who, after having been served with notice or summons in a proceeding or action, will be prejudiced by the result if the litigant appealing from the judgment rendered in such proceeding or action is successful in his appeal." (*In re Estate of Demoret*, 169 Kan. 171, 179, 218 P. 2d 225.)

The Bishop and Trustees, in their respective capacities, were beneficiaries under the will. If appellants succeeded in overthrowing the will the former would receive nothing from the estate. The Bishop and Trustees were therefore adverse parties. No service

of the notice of appeal by any of the three methods provided by the statute was had upon them.

Appellants stress the language of subdivision (3) of the statute, *supra,* which provides that whenever a party in good faith gives due notice of appeal and through mistake omits to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just, as being express authority for the district court to permit the amendment under consideration.

As previously stated, the court based its ruling on the lack of jurisdiction, that is, that since no *effective* appeal had been taken, due to absence of service of the notice upon all adverse parties, it was without authority to exercise any discretion one way or the other with respect to permitting the amendment. In this connection it should be stated that the district court is not charged with abuse of discretion. The contention is that it erred in holding that it had *no jurisdiction* to *exercise* any discretion.

This court has dealt with the provisions of the appeal statute, *supra,* in a number of cases. However, in none of them has the *precise* question here presented been involved or decided.

In the Demoret case, *supra,* the notice of appeal was addressed to and served upon certain adverse parties. Service also was had upon the probate judge "for the adverse parties to whom this notice is addressed." The named persons did not include all of the adverse parties. It was held that the service upon the probate judge did not constitute service upon those persons whose names were omitted because, by the very language of the notice just quoted, the service upon the probate judge was limited and restricted to those persons named. No application had been made to the district court to amend the notice of appeal and the question was first raised in this court. It was held that this court had no authority to permit an amendment under G. S. 1949, 59-2405 (3). In discussing the provisions of the statute it was said:

"The section of the probate code from which we have just quoted expressly provides that on appeal from probate court to the district court notice of appeal must be served on all adverse parties to make the appeal effective. Unless and until the legislature sees fit to provide otherwise we must adhere to its requirements." (pp. 177, 178.)

"The views heretofore expressed compel the conclusion the district court acquired no jurisdiction over the attempted appeal from probate court because of failure to serve notice on all adverse parties. It follows that orders made

by that tribunal in connection with such appeal are of no force and effect and that appellant's motion challenging its jurisdiction must be sustained." (p. 181.)

In *In re Estate of Kruse,* 170 Kan. 429, 226 P. 2d 835, the notice of appeal was addressed to a named individual as administrator, the named attorney for the administrator, and to the probate judge. Service was had upon the attorney for the administrator and upon the probate judge. It was contended that certain heirs-at-law were adverse parties and that failure to serve them with notice rendered the appeal ineffective. In denying such contention this court said:

"We think appellee's interpretation of section 2405, *supra,* is too narrow. By its provisions notice could be served upon the adverse party or his attorney of record, or upon the probate judge for the adverse party. Here notice was served upon both the attorney for the administrator and the probate judge. It is true the notice did not specify the probate judge *for the adverse party,* but from the language of the statute it is difficult to ascertain any other legislative intent than that notice to the probate judge *is* notice to adverse parties. The notice before us is not limited or restricted in scope such as was the notice in *In re Estate of Demoret,* 169 Kan. 171, 176, 218 P. 2d 225, relied on by appellee. We think appellee's contention as to this point is without substantial merit and that the notice of appeal complied with the statute." (p. 432.)

We mention the two foregoing cases merely to show what has been held under the facts there presented.

Before discussing appellants' contention with respect to the power of the district court to permit an amendment under the third sub-division of the appeal statute, *supra,* we pause to mention several other arguments that are made.

It is contended that under G. S. 1949, 60-3310, which, in substance, provides that any notice of appeal may be amended at any time by bringing in additional parties, or otherwise, before the hearing, as to the appellate court may seem fit, the district court, being the appellate court, could and should have permitted the amendment in question. The difficulty with this contention is that G. S. 1949, 60-3308, provides that appeals to courts other than the supreme court shall be taken, and proceedings therein had, in the same manner as the code of civil procedure provides for appeals to the supreme court, *except where a special provision with reference to such appeals is made by statute.* The probate code contains its own special provision (59-2405) for proceedings on appeal, and the code of civil procedure is inapplicable, just as was said in *Cardin v. Apple,* 150 Kan. 162, 92 P. 2d 32:

"It clearly appears the probate code provides its own special proceedings for appeal and the provisions of the civil code are not applicable to appeals from the probate court to the district court." (p. 169.)

The situation here is entirely different from that described in syllabus one, and the corresponding portion of the opinion, in *Vincent v. Werner*, 140 Kan. 599, 38 P. 2d 687, upon which reliance is placed.

It is argued that the act of the probate judge in receiving and *filing* the notice of appeal was tantamount to and in fact amounted to service upon, and acknowledgment thereof, by that official—therefore service was had upon the probate judge for all adverse parties in compliance with the statute. This contention may not be sustained. By statute (G. S. 1949, 59-202) the probate judge is the clerk of the probate court. The notice and acknowledgment of service thereof by one of the attorneys for the executor merely was *filed* in the probate court, as directed by the appeal statute. In receiving such document and marking it "filed" the probate judge was performing a purely ministerial act, and it did not amount to service upon him for adverse parties within the wording of the statute.

It is next contended that when counsel for the Bishop and Trustees appeared in the district court on February 1, 1954, at which time appellants' motion for trial by an advisory jury was denied and the case was set down for trial on a day certain, they, the Bishop and Trustees, thereby entered their general appearance and for all practical purposes submitted themselves to the jurisdiction of the court and thus are deemed to have waived any defect in the notice of appeal.

In so contending we believe appellants overlook the distinction between jurisdiction of a court over the *person* and jurisdiction over the *subject matter* of the action. As a general proposition, the former may be conferred by acts of a party amounting to consent, waiver or estoppel, but the latter may not. The rule is well stated in 14 Am. Jur., Courts:

"Jurisdiction of the person may be acquired by consent. Therefore, where a court has jurisdiction of the subject matter of a suit, the defendant therein may waive the lack of jurisdiction as to his person." (§192, p. 386.)

"It is a universal rule that a general appearance in an action amounts to a waiver on the part of the defendant of his right to object thereafter to the jurisdiction of the court over his person, . . ." (§ 193, p. 387.)

"It is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction of subject matter of which it would otherwise not have

jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel. Jurisdiction is prescribed by law and cannot be increased or diminished by the consent of the parties, who may not barter away their substantial rights." (§ 184, pp. 380, 381.)

"As heretofore shown, the jurisdiction of a court over the subject matter of a cause of action must be conferred by law, and it cannot under any circumstance be conferred on a court, as such, by the consent of the parties. It naturally follows that if jurisdiction cannot be conferred by consent, the want thereof cannot be waived by any act of the parties." (§ 191, p. 386.)

In 21 C. J. S., Courts, § 108, p. 161, the rule is stated:

"Jurisdiction of the subject matter cannot be conferred by estoppel; but one who invokes or consents to a court's jurisdiction is estopped to question it on any ground other than that the court lacks jurisdiction of the subject matter."

In *City of Hutchinson v. Wagoner,* 163 Kan. 735, 186 P. 2d 243, it was held:

"Jurisdiction of the subject matter of an action is vested by statute and cannot ordinarily be conferred on a court by consent, waiver or estoppel." (Syl. 4.)

See also *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337; *Russell v. State Highway Comm.,* 146 Kan. 634 (Syl. 3), 73 P. 2d 29, and *Vehee v. Beem,* 156 Kan. 115, 131 P. 2d 675.

Here the subject matter of the action was to probate a will, over which the probate court had sole and exclusive original jurisdiction (G. S. 1949, 59-301). The district court could acquire jurisdiction of the cause only under and by virtue of the appeal statute, *supra.* In other words, a valid appeal from the probate court brings the subject matter to the district court. A fatally defective appeal does not bring up the subject matter, and jurisdiction of the district court over the subject matter cannot be conferred by the parties. The appearance in the district court by counsel for the Bishop and Trustees did not bring up the subject matter of the controversy, and thus did not confer upon the district court any jurisdiction other than that which it already had obtained by virtue of the notice of appeal itself.

This brings us, then, to the principal question and issue in the case—did the district court have jurisdiction to permit the amendment to the notice of appeal?

It is conceded by everyone that the appeal was taken in good faith, and appellants vigorously contend that by the provisions of

the third subdivision of the appeal statute the court had jurisdiction to permit them to do "any other act" necessary to perfect their appeal, the "any other act" being to broaden the notice so as to include the probate judge "for any and all adverse parties."

This court is not disposed to cut off rights of parties to have honest disputes settled by a hearing on the merits, by placing a too strict or strained interpretation upon an appeal statute. We adhere to the statement contained in *In re Estate of Dudley*, 159 Kan. 160, 164, 152 P. 2d 678, to the effect that the purpose of the third subdivision of the appeal statute is to prevent "trivial imperfections" from defeating an appeal.

On the other hand, the statute must be read in its entirety. It says that in order to render the appeal *effective* an appellant must do certain things. One of those things is to serve notice upon certain specified parties. That was not done in this case. It then provides for the filing of a bond. We are not concerned with that here. Then follows the provision in question, which says that whenever a party in good faith gives *due* notice of appeal and omits, through mistake, to do *any other act* necessary to perfect the appeal, the district court may permit an amendment. The word "other" means "in addition to," or "distinct from," those acts already mentioned.

It is logical to conclude that a party has not given *due* notice of appeal until and unless he has complied with what the statute requires. That being the case, appellants did not give *due notice of appeal,* and from the language of the statute itself it is *only* when *due* notice has *first* been given that an amendment relating to *any other act* may be permitted.

Our conclusion, therefore, is this:

Because of absence of service of notice as prescribed by the statute, the appeal did not become effective—in other words, it was a nullity and of no effect. Therefore, the district court acquired no jurisdiction of it. Lacking jurisdiction of the appeal, it naturally follows that the court was without power to exercise any discretion with respect to the requested amendment.

The orders of the district court denying the motions to amend the notice of appeal on the ground of lack of jurisdiction, and dismissing the appeal, are therefore affirmed.