No. 40,984

In the Matter of the Estate of Bess Allgire, Deceased. EMMETT ALLGIRE, *Appellant,* v. SAM GIBBS, Individually and as Executor of the Last Will and Testament of Bess Allgire, deceased; GLENN I. GIBBS and JAMES GIBBS, *Appellees.*

(331 P. 2d 296)

Opinion filed November 8, 1958.

*John Berglund,* of Clay Center, argued the cause and was on the briefs for the appellant.

*Frank D. Oberg,* of Clay Center, argued the cause and was on the brief for appellee Sam Gibbs, and *W. M. Beall,* of Clay Center, was with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the district court dismissing an appeal from the probate court. Under the facts as presented the basic question for our determination concerns the power and jurisdiction of the district court to permit an amendment to a concededly defective and insufficient notice of appeal from the probate court to the district court.

The facts pertinent to the question involved follow: The will of

Bess Allgire, which was consented to by her husband, Emmett Allgire (plaintiff-appellant), was admitted to probate on July 18, 1956, and Sam Gibbs was duly appointed and qualified as executor thereof. Under the will Emmett was left a life estate in all of Bess' property, with remainder, at Emmett's death, to Sam Gibbs, Glenn I. Gibbs and James Gibbs, brothers of Bess.

On petition by Emmett the probate court set aside to him a twenty-acre plot of land as a homestead and the statutory allowances. Subsequently, the executor filed his petition for final settlement. Emmett filed motions to set aside his entry of appearance and the court's previous order admitting Bess' will to probate. From an order overruling his motions, Emmett appealed to the district court.

The material portions of the notice of appeal read:

"NOTICE OF APPEAL

"To: Sam Gibbs, individually and as executor of the last will and testament of Bess Allgire, deceased; Glenn I. Gibbs and James Gibbs, and their attorneys of record, Frank D. Oberg and W. M. Beall, and Walter O. Curtis, Probate Judge for the same and all other interested parties:

"All of you are hereby notified that Emmett Allgire hereby appeals from the orders, judgments, decrees and decisions of the Probate Court of Clay County, Kansas, rendered in the above entitled matter on the 26th day of August, 1957, denying the appellant's MOTION TO VACATE ORDER, ELECTION OF EMMETT ALLGIRE, MOTION TO WITHDRAW, ENTRY OF APPEARANCE, WAIVER OF NOTICE AND CONSENT TO IMMEDIATE HEARING, and PETITION FOR PROBATE OF WILL AND APPOINTMENT OF EXECUTOR THEREOF, wherein the said court denied all above said applications of the appellant.

"Dated this 26th day of August, 1957.

"/s/ John Berglund

John Berglund
Clay Center, Kansas
Attorney for Appellant,
Emmett Allgire.

"ACCEPTANCE OF SERVICE AND WAIVER OF PROOF

"Service of this notice of appeal is hereby accepted, and proof of service is waived this 26th day of August, 1957.

"/s/ Frank D. Oberg

Frank D. Oberg

"/s/ W. M. Beall

W. M. Beall
Attorneys for Sam Gibbs, individually and as executor of the last will and testament of Bess Allgire, deceased.

"Filed: August 26, 1957"

Thereafter, on September 26, 1957, two motions to dismiss Emmett's attempted appeal were filed in the district court by Sam Gibbs, individually and as executor, Glenn I. Gibbs and James Gibbs for the reasons that the notice of appeal was not served on all adverse parties or their attorneys of record, or on the probate judge for all adverse parties, nor was proof of service, verified by affidavit, filed in the probate court, nor was proof of service waived, all as provided by G. S. 1949, 59-2405, and, as a consequence, the court had no jurisdiction of the subject matter or action.

On October 2, 1957, during the hearing on defendants' motions to dismiss, Emmett's counsel orally moved the district court for leave to amend the notice of appeal by inserting the names of Glenn I. Gibbs and James Gibbs after the words "attorneys for Sam Gibbs, individually and as executor of the last Will and Testament of Bess Allgire, deceased," as shown in the acceptance of service and waiver of proof aforementioned. The court sustained defendants' motions to dismiss the attempted appeal and denied Emmett's motion to amend, from which order Emmett appeals to this court.

The only adverse parties interested in the case then and now are Sam Gibbs, individually and as executor of the last will and testament of Bess Allgire, deceased, Glenn I. Gibbs and James Gibbs (defendants-appellees). It may be noted that the acceptance of service and waiver of proof of the notice of appeal was limited by attorneys Oberg and Beall to Sam Gibbs, as an individual and as executor.

Plaintiff does not contend that he served a copy of the notice of appeal upon Glenn I. Gibbs and James Gibbs, or that he filed an affidavit showing proof of service of the notice of appeal upon the probate judge for all adverse parties. It is Emmett's contention that the trial court erred in refusing him permission to amend his notice of appeal, which was defective only because his attorney, through a clerical error, omitted the names of two of the interested parties, i. e., Glenn I. Gibbs and James Gibbs, from the acceptance of service and waiver of proof, which names were contained in the address of the notice of appeal.

In our recent case of *In re Estate of Freshour*, 177 Kan. 492, 280 P. 2d 642, we had occasion to again review our decisions and construe G. S. 1949, 59-2405 providing for appeals from the probate court to the district court on the questions similarly involved herein. What was said there is applicable here. Suffice it to say that in

order to render an appeal effective, thus vesting the district court with jurisdiction of the action, the appealing party must comply with the requirements of subdivisions (1) and (2) of the statute. The legislative mandate calls for service of the notice of appeal upon (1) the adverse parties, or (2) their counsel of record, or (3) the probate judge for the adverse parties. In the instant case plaintiff Emmett failed to comply with any one of these methods. The acceptance of service and waiver of proof by attorneys Oberg and Beall was limited to Sam Gibbs, as an individual and as executor. Emmett's counsel prepared the notice of appeal, including the acceptance and waiver of proof of service. However, the mentioned attorneys were not requested to nor did they accept service or waive proof of service for Glenn I. and James Gibbs, as their attorneys of record, and no affidavit was filed by Emmett so contending. Because no service was made of the notice of appeal as prescribed by the aforementioned statute, the appeal never became effective. Therefore, the district court never acquired jurisdiction over the subject matter of the action. Lacking jurisdiction of the appeal, it follows the court was without power and authority to exercise any discretion with respect to permitting the amendment of the notice requested by the plaintiff Emmett.

Emmett contends that the language of subdivision (3) of the mentioned statute, which provides that whenever a party in good faith gives *due notice of appeal* and omits through mistake to do *any other act* necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just, gives express authority to the district court to permit the amendment under consideration.

There is no merit to this contention. Subdivision (3) of the statute contemplates that due notice has been given; *i. e.*, subdivisions (1) and (2) have been complied with. In *In re Estate of Freshour,* supra, we again analyzed and construed subdivision (3) and held that the words "other act" mean in addition to or distinct from those mentioned in subdivisions (1) and (2).

No useful purpose would be gained by a further discussion of the questions involved in the instant case. The same contentions were made, fully analyzed and settled in the two recent cases of *In re Estate of Freshour,* supra, and *In re Estate of Demoret,* 169 Kan. 171, 218 P. 2d 225. What was said therein controls and is adhered to in this case. The judgment of the trial court is therefore affirmed.

It is so ordered.

JACKSON, J., dissenting: It is with regret that I must dissent from the holding of the majority. The notice of appeal in this case was properly drawn and addressed to all adverse parties and their attorneys. It gave notice to all of them that appellant was appealing from the orders of the probate court. The notice of appeal was timely served upon attorneys, who in fact, represented all adverse parties, and was so addressed to them. The attorneys accepted service but through an oversight on the part of the attorney for appellant, such acceptance omitted the names of Glenn Gibbs and his brother, James Gibbs. There is no doubt from the facts that the attorneys receiving the notice did represent Glenn and James, and would have signed the acceptance on their clients' behalf if it had been so worded by the stenographer of appellant's attorney before it was handed to them.

In this case we have a good notice of appeal actually served upon all parties and filed in the probate court as required by the statute G. S. 1949, 59-2405. The only fault was in the proof of the service which was actually made. This is the first time in which such a question has been before this court. The cases cited in the majority opinion all involve omission of parties from the notice of appeal and failures of actual service or in filing proper bond.

It would seem that the district court would acquire jurisdiction of the appeal when proper service of a proper notice is in fact made and filed in the probate court together with a proper bond. It would seem that a mere typographical mistake in the proof of service could be cured by affidavit or amendment to make the record speak the truth when that mistake is discovered. If that is not to be the rule, the third part of section 59-2405 becomes meaningless. This part of the statute reads:

"(3) Whenever a party in good faith gives due notice of appeal and omits through mistake to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just."

SCHROEDER, J. (concurring specially): From the facts reported in the court's opinion and the remarks of Justice Jackson in his dissenting opinion it may be suspect that the court must go beyond the record to establish that Frank D. Oberg and W. M. Beall represented Glenn I. Gibbs and James Gibbs in addition to Sam Gibbs, individually and as executor for the last will and testament of Bess Allgire, deceased. But not so. The record as abstracted discloses that W. M. Beall signed the "WRITTEN DEFENSES, ANSWER

AND/OR GENERAL DENIAL," filed in the probate court on August 20, 1957, as counsel for all of the above named parties; that W. M. Beall approved the journal entry filed on September 7, 1957, in the probate court but dated August 26, 1957, setting forth the rulings concerning which appeal was taken; and that the "MOTION TO DISMISS ATTEMPTED APPEAL," filed in the district court on September 26, 1957, was signed by W. M. Beall, "Attorney for Sam Gibbs, Glenn I. Gibbs and James Gibbs," and further that Frank D. Oberg and W. M. Beall signed another document entitled "MOTION TO DISMISS ATTEMPTED APPEAL," filed September 26, 1957, in the district court as "Attorneys for Sam Gibbs, as Executor of the Last Will and Testament of Bess Allgire, Deceased."

Thus, on the 26th day of August, 1957, when the notice of appeal, presently under scrutiny, addressed

"To: Sam Gibbs, individually and as executor of the last will and testament of Bess Allgire, deceased; Glenn I. Gibbs and James Gibbs, and their attorneys of record, Frank D. Oberg and W. M. Beall, and Walter O. Curtis, Probate Judge for the same and all other interested parties:",

was served upon Frank D. Oberg and W. M. Beall as indicated by their acceptance and waiver of proof of service, all of which were filed in the probate court on the 26th day of August, 1957, there was absolutely no question but that these attorneys represented Glenn I. Gibbs and James Gibbs. The notice of appeal was properly addressed to all adverse parties and their attorneys of record. This notice was served upon counsel for adverse parties the same day the probate court heard the matter and announced its rulings adversely to the appellant.

Insofar as notice of appeal is concerned the provisions of G. S. 1949, 59-2405, were strictly met when notice was served upon counsel for all adverse parties, namely Frank D. Oberg and W. M. Beall. This was an accomplished fact as disclosed by the record before this court. Proof of service in and of itself is not substantive to the notice of appeal. This is a procedural aspect required by the statute to establish the fact of service upon adverse parties. Therefore, subdivision (3) of the statute is fully applicable since the appellant in good faith gave notice of appeal but omitted through mistake to make proper proof of service. This is clearly within the meaning of "any other act" necessary to perfect the appeal—a trivial imperfection which should not be permitted to defeat an appeal. (*In re Estate of Dudley*, 159 Kan. 160, 152 P. 2d 678.)

As to this point I fully concur in the remarks set forth by Justice Jackson in his dissenting opinion. This point, however, does not control the decision in my opinion.

The district court under subdivision (3) of 59-2405, *supra,* is not obligated to permit amendment of the notice of appeal. Use of the term "may" leaves it discretionary with the district court to permit or deny amendment. The journal entry of the district court dismissing the attempted appeal recites:

". . . John Berglund, as attorney for appellant, asks leave of the court to insert in the notice of appeal filed in the Probate Court at the bottom of the page thereof after the words 'attorneys for Sam Gibbs, individually and as executor of the last Will and Testament of Bess Allgire, deceased', the words 'and Glenn I. Gibbs and James Gibbs', which leave to amend said notice of appeal is by the court upon consideration denied. . . ."

In my opinion the district court was correct in denying appellant's motion to amend the notice of appeal in the manner requested.

The attempt to amend was not strictly a request to amend the notice of appeal. It was a request to amend the acceptance of service and waiver of proof signed by Frank D. Oberg and W. M. Beall as attorneys for Sam Gibbs, individually and as executor of the last will and testament of Bess Allgire, deceased. Counsel are clearly within their right to accept service of process and waive proof of service for any or all of the parties they represent or they may refuse to waive proof of service for any or all of the parties they represent. The attempt made by counsel for appellant to add by amendment additional adverse parties to the "ACCEPTANCE OF SERVICE AND WAIVER OF PROOF" of opposing counsel was clearly beyond the authority of any court to grant.

Had counsel for the appellant made application to the court for leave to show proof of service of his notice of appeal upon counsel for Glenn I. Gibbs and James Gibbs on the 26th day of August, 1957, verified by his affidavit, his motion may have been granted by the trial court.

For the reasons heretofore indicated, I am of the opinion that the result reached in this case is correct.