No. 44,097

In the Matter of the Estate of Albert W. Lang, Deceased. (LEON BRADFORD, Administrator of the Estate of Amelia D. Blaine, Deceased, and EDWARD S. LANG, *Appellants*, v. L. C. GOODRICH, Executor of the Estate of Albert W. Lang, Deceased, *Appellee.*)

(404 P. 2d 640)

Opinion filed August 17, 1965.

*Clyde Raleigh,* of Hutchinson, argued the cause, and *Kenneth F. Ehling* and *Matthew J. Dowd,* also of Hutchinson, were with him on the brief for the appellants.

*Don Wyman,* of Hutchinson, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: The record in this case fails to disclose and incorporate an adequate notice of appeal, and the attempted appeal must therefore be dismissed.

Rule No. 6 (g) promulgated by this court and which became effective January 1, 1964, (191 Kan. xv) in pertinent part provides:

"(g) *Record to Be Prepared by Appellant—Necessary Parts.* Within thirty (30) days after all statements of points and designations of the record have been served and filed, the appellant shall cause the record to be reproduced and twenty (20) copies thereof filed with the Clerk of the Supreme Court, unless a different order is made in a particular case by the Supreme Court. When said copies are filed, the Clerk of the Supreme Court shall docket the appeal. The reproduced record shall contain all the matters designated by the parties *but shall always include, whether or not designated,* copies of the following: . . . *the notice of appeal with date of filing;* . . . and the certification of the appellant or his counsel that it is a true and correct record in accordance with the requirements of this Rule. . . ." (Emphasis added.)

The facts concerning which the attempted appeal to this court has been taken grow out of the admission of the will of Albert W. Lang, deceased, to probate on the 28th day of April, 1961, in the probate court of Reno County, Kansas.

After the admission of the will of Albert W. Lang, deceased, to probate, Amelia Blaine, a sister of the decedent, filed a petition on the 20th day of March, 1962, in which she attempted (1) to set aside the decedent's will, which was admitted to probate, upon the usual grounds of undue influence, unsoundness of mind, etc.; and (2) to set aside the entire probate proceedings as void and invalid. Various allegations of fact were made with respect to each of these grounds.

Thereafter and on the 19th day of June, 1963, a similar petition (identical in all material respects to that of Amelia Blaine's) was filed by Edward S. Lang, a brother of the decedent.

On the 20th day of June, 1963, the probate court of Reno County denied Amelia Blaine's petition and dismissed it.

On the 10th day of September, 1963, the probate court of Reno County by order denied the petition of Edward S. Lang. He thereupon appealed to the district court of Reno County, and in his notice of appeal, dated September 17, 1963, specified the order from which he was appealing to be the one rendered ·by the probate court *on June 20, 1963, denying the petition of Amelia Blaine.* The notice of appeal did not specify the order of the probate court dated September 10, 1963, denying his petition.

The district court held the appeal of Edward S. Lang failed to comply with the mandatory provisions of K. S. A. 59-2405. The district court further held that it had no power to permit such notice of appeal to be amended to specify the order of September 10th on the ground that an appeal of Edward S. Lang had not been properly perfected therefrom, and the notice of appeal could not be amended after the time for appeal from the September 10th order had passed.

The district court in its memorandum opinion further said:

"Assuming for the moment claimant Edward Lang is a proper party to appeal from the probate court's June 20, 1963, decision on Amelia Blaine's petition, then the record discloses Edward Lang's appeal was not filed within the 30 day time limit specified in 59-2404."

The record discloses that the administrator of Amelia Blaine's estate, Leon Bradford (substituted for Amelia Blaine after her de-

cease), appealed to the district court from the order of the probate court dated June 20, 1963, denying the petition of Amelia Blaine.

The record further discloses a stipulation entered into between counsel for the respective parties in the district court that the appeals of Edward S. Lang and Leon Bradford, administrator of the estate of Amelia Blaine, may be consolidated. They further stipulated that the decision in the case of Leon Bradford, administrator, would determine the decision in the appeal of Edward S. Lang.

This stipulation, binding on the parties in the district court, was made on the theory that if the administrator of Amelia Blaine was successful in his attempt to set aside the will of Albert W. Lang, deceased, or to have the probate proceedings which admitted the will to probate declared void and invalid, Edward S. Lang would benefit by such decision to the same extent as if he had been successful in establishing the allegations of his petition in the probate court. The district court so recognized in its memorandum decision dismissing the appeal of Edward S. Lang.

The only notice of appeal set forth in the record on appeal to this court, when the case was submitted, is the notice of Edward S. Lang, dated the 23rd day of January, 1964, appealing from the order overruling his motion for a new trial. This order was entered by the district court of Reno County on the 20th day of January, 1964, and denied his motion for a new trial.

The motion for new trial filed by Edward S. Lang, set forth in the record, was directed to the decision of the district court entered on the 18th day of December, 1963, which dismissed the appeal of Edward S. Lang from the order of the probate court denying his petition.

A purported supplemental record without certification, voluntarily filed by the appellants after argument and submission of the case to this court, is unavailing and will not correct the deficiency in the record on appeal as required by Rule No. 6 (g).

If it be assumed that the appeal of Edward S. Lang to the Supreme Court is sufficient, the only point it presents is whether the district court erred in denying the application of Edward S. Lang to amend his notice of appeal from the probate court to the district court. But Edward S. Lang not having perfected a valid appeal from the probate court in the first instance, the notice of appeal having failed to specify the order from which appeal was being taken, could not succeed in having it amended after the time for appeal had expired.

Appeals from the probate court to the district court are authorized by the provisions of K. S. A. 59-2405, which provide:

"To render the appeal effective:

"(1) The appellant shall serve upon the adverse party or his attorney of record, or upon the probate judge for the adverse party, a written notice of appeal specifying the order, judgment, decree, or decision appealed from, and file such notice of appeal in the probate court with proof of service thereof verified by his affidavit.

"(2) The appellant, other than the state or municipality or a fiduciary appealing on behalf of the estate, shall file in the probate court a bond in such sum and with such sureties as may be fixed and approved by the probate court, conditioned that he will without unnecessary delay prosecute the appeal and pay all sums, damages, and costs that may be adjudged against him.

"(3) Whenever a party in good faith gives due notice of appeal and omits through mistake to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just."

Under the foregoing statute it has been held in order for an appeal from the probate court to the district court to be effective, thus vesting the district court with jurisdiction of the appeal, it is necessary that the party appealing comply with the requirements of subdivisions (1) and (2) of the above statute. The phrase "any other act," appearing in subdivision (3) of the above statute, has been held to mean an act "in addition" or "distinct from" those acts already mentioned in subdivisions (1) and (2) of the statute which are mandatory. (*In re Estate of Freshour*, 177 Kan. 492, 280 P. 2d 642; and *In re Estate of Allgire*, 183 Kan. 527, 331 P. 2d 296.)

The probate code provides where appeals are taken from judgments and orders of the district court made pursuant to the provisions of the probate code, appeals may be perfected to the Supreme Court in accordance with the provisions of K. S. A. 59-2402c, which provide:

"Appeal to the supreme court from judgments and orders of the district court made pursuant to this act may be taken as appeals in other cases."

This simply means that the code of civil procedure shall be followed in perfecting an appeal from the district court to the Supreme Court. (See, K. S. A. 60-2103.)

Accordingly, on the point raised by the appeal of Edward S. Lang, the decision of the district court would have to be affirmed. But the appeal of Edward S. Lang is insufficient to present the primary issues which the appellants seek to have this court determine. To present these issues the appellants presumably rely upon an appeal

by Leon Bradford, the administrator of the estate of Amelia Blaine. But the record presented to this court upon submission of the case fails to disclose such notice of appeal. Having failed to set forth a valid notice of appeal presenting the issues which the appellants seek to have determined, as required by Rule No. 6 ($g$), the attempted appeal to this court must be dismissed.

Appeal dismissed.