No. 44,881

In the Matter of the Estate of Emma E. Blalock Parker, a/k/a Emma E. Parker, a/k/a Emma E. Blalock, Deceased. RUBY M. SCOTT, WILLIAM L. HARRINGTON and SHERMAN PARKS, ADMINISTRATOR DBN CTA, Appellees, v. MILTON M. PARKER, Appellant.

(439 P. 2d 138)

Opinion filed April 6, 1968.

*Edwin D. Smith,* of Topeka, argued the cause, and *David H. Fisher, Donald Patterson, C. K. Sayler, Jack L. Summers* and *Jerry R. Palmer,* all of Topeka, were with him on the brief for the appellant.

*Charles S. Scott,* of Topeka, argued the cause, and *Elisha Scott, Jr., John J. Scott* and *Samuel C. Jackson,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: Emma E. Blalock Parker, also known as Emma E. Parker and as Emma E. Blalock, died testate September 27, 1963. Her will was admitted to probate December 18, 1963, and William L. Harrington, a brother and one of the residuary devisees under the will, was appointed executor.

Subsequently, Milton M. Parker, claiming to be the common-law husband of the testatrix, filed an election not to take under the will but to take under the law as the surviving husband. For convenience, Mrs. Parker, or Blalock, will be referred to herein as Emma, and Mr. Parker as Milton.

The probate court referred the matter of Milton's election to take under the law to a referee, Mr. Ralph Skoog, for hearing. Thereafter, and on September 30, 1964, Mr. Skoog filed his report finding that a common-law marriage existed between Milton and Emma and that Milton was entitled to make an election to take under the law and not under Emma's will. This report was approved by the probate court on September 30, 1964, and judgment was entered decreeing that Milton was the common-law husband of the decedent at the date of her death and entitled to take by the laws of intestate succession.

On November 16, 1964, a notice of appeal was filed signed by William L. Harrington and Ruby Scott, also a devisee under Emma's will. This notice was dated November 10, 1964, and the affidavit of service is shown to be subscribed November 11, 1964. Milton thereupon filed a petition to dismiss the appeal. The probate court declined to decide the merits of the matter and certified the appeal to the district court for decision.

When the case arrived in district court Milton filed another motion to dismiss the appeal. This motion was overruled and an evidentiary hearing was held, at the conclusion of which the district court found that no common-law marriage had been established and that Milton was not entitled to elect to take under the law as Emma's husband. Milton has appealed from this judgment and his appeal is now before us.

Three contentions are advanced on appeal:

1. The appeal was not legally perfected from probate court and the district court was without jurisdiction to hear the same.

2. The findings and judgment of the district court are not supported by the evidence.

3. The court erred in ruling on the admission of evidence.

We shall proceed to consider the first contention. It is argued at the outset that the appeal taken to the district court was not timely perfected. We think this point is well taken.

K. S. A. 59-2404 provides in substance, so far as material to this case, that an appeal may be taken from an order, judgment, decree, or decision of the probate court within thirty days after the same is entered. K. S. A. 59-2405 (1) provides, in effect, that to render an appeal effective the appellant shall serve written notice of appeal on the adverse party, specifying the order appealed from and file such notice of appeal in the probate court with proof of service thereof.

In the instant case, the order of the probate court adjudging Milton to be Emma's common-law spouse and entitled to file an election to take under the law, was made September 30, 1964. The notice of appeal is dated November 10, 1964, and was filed in the probate court November 16, 1964. It is clear that no appeal was effected from the judgment made on September 30, 1964, within the thirty day period provided by statute. This court has consistently held that an appeal from an order or judgment of the probate court, taken after the expiration of thirty days, is ineffective. (*Meech v. Grigsby,* 153 Kan. 784, 113 P. 2d 1091; *In re Estate of Bertrand,* 188 Kan. 531, 363 P. 2d 412.)

However, the appellants say the appeal was not taken from the judgment of September 30, but from a subsequent order of the probate court made November 5, 1964, and they point out that the notice of appeal specifies the order of November 5 as being the order appealed from. This contention requires that we consider the nature and effect of the November fifth order.

The facts giving rise to this argument are these:

Under date of November 3, 1964, the referee, Mr. Skoog, addressed a letter to Judge Copeland, the probate judge, advising that an error as to form appeared in his report, and that the clause which reads:

"that Milton M. Parker proved by a preponderance of the evidence that a

common-law marriage existed at the time of the death of the decedent herein."

should be worded as follows:

"that said Milton M. Parker proved by clear and convincing evidence that a common-law marriage existed at the time of the death of the decedent herein."

Mr. Skoog concluded his letter by saying that since the error was in form only it might be corrected pursuant to K. S. A. 59-302 (6). On November 5, 1964, the probate court made a finding that the error occurring in the referee's report resulted from a clerical mistake and entered an order correcting the report in the particular set out in Mr. Skoog's letter.

We are inclined to agree that the error contained in the referee's report was subject to correction by an order *nunc pro tunc* under the provisions of K. S. A. 59-302 (6). This section of the statute provides:

"The probate courts, in addition to their general jurisdiction, shall have power:

. . . . . . . . . . . . . .

"(6) To correct and amend their records to make them speak the truth."

The use of an order *nunc pro tunc* to correct a judgment so that it will speak the truth is not new to Kansas practice. (See 3 Hatcher's Kansas Digest [Rev. Ed.] Judgments, § 11.) Clerical errors have frequently been corrected by this method and the foregoing statute, 59-302 (6), seems expressly designed to authorize use of such an order by probate courts in correcting their records.

Moreover, the order of November 5 did nothing more than correct the referee's report; it did not attempt to change, modify, correct or alter the judgment of the court itself, entered on September 30, 1964, whereby Milton was adjudged to be Emma's common-law husband and entitled to make his election to take either under the law or under the will. The September thirtieth order was the only adjudication of Milton's status as the common-law spouse and of his statutory right to file an election. This adjudication by the court was in nowise affected by the later *nunc pro tunc* order.

The appellees advance the further argument that their time for appeal was extended by their having filed a motion for new trial on September 21, 1964, which motion was not overruled until November 5, 1964. This contention is without merit. The probate code contains no provision either for the filing of a motion for new trial or for any extension of the appeal time set out in K. S. A. 59-2404. The provisions of K. S. A. 60-2103 governing appeals to

the supreme court do not govern appeals from probate court to the district court.

Even though the motion were to be construed as one to vacate the judgment, the appellee's cause would not be aided. The notice of appeal specifies that the order appealed from is that of November fifth in which the referee's report was corrected, not the order overruling the motion for either a new trial, or to vacate the judgment, as the case may be.

We conclude that the appeal from the judgment of the probate court adjudging Milton Parker to be the common-law husband of Emma Blalock Parker and entitled to file his election to take by the laws of intestate succession, and not under Emma's will, was not perfected within the time set by statute and that the district court erred in overruling Milton's motion to dismiss the appeal. This conclusion makes it unnecessary for us to consider other points raised by the appellant in this appeal.

The judgment of the district court is reversed, and this cause is remanded with instructions to dismiss the appeal from the judgment of the probate court.