No. 45,510

In re Estates of Joseph C. Torrence, Deceased, and Bertha P. Torrence, Deceased; JOSEPH L. TORRENCE, *Appellant,* v. MATTHIAS G. TORRENCE, Executor, etc., *Appellee.*

(464 P. 2d 193)

Opinion filed January 24, 1970.

*Keith A. Greiner,* of Emporia, argued the cause, and *Everett E. Steerman* and *Elvin D. Perkins,* both of Emporia, were with him on the brief for the appellant.

*William J. Dick,* of Emporia, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: The issue here is whether a district court has

discretionary power to allow an appeal bond to be filed out of time in an attempted appeal from probate court.

The parties to this litigation, Joseph L. Torrence and Matthias G. Torrence, are brothers. Their parents were Joseph C. and Bertha P. Torrence, who had joint and contractual wills and whose estates are under administration in the probate court of Lyon county, Kansas.

Joseph, as a devisee and legatee, petitioned the probate court to remove Matthias as executor of the two estates, and for other relief, because of alleged misconduct of Matthias. On November 7, 1967, the probate court denied Joseph's petition. On November 21, 1967, Joseph duly served and filed his notice of appeal to the district court of Lyon county from the adverse ruling, together with his proof of service. He filed no bond and, in fact, on November 27, 1967, procured an *ex parte* order of the probate court stating he need not file a bond in connection with the appeals. No bond has ever been filed.

No further action in the proceeding was taken by the parties until July 17, 1968, when Matthias filed a motion in the district court to dismiss the appeal on the ground the court acquired no jurisdiction over the purported appeals because of Joseph's failure to file an appeal bond. On July 31, 1968, the district court sustained this motion. On August 8, 1968, Joseph filed another motion in the district court requesting it to determine whether it had discretionary power to permit an appeal bond to be filed. August 9, 1968, the court responded with a supplemental order stating it had no discretionary power to permit an appeal bond to be filed out of time. Joseph's appeal to this court is from both the July 31 and the August 9 rulings.

The only question raised is whether a district court has discretion to allow an appeal bond to be filed out of time in an appeal from probate court in which due notice of appeal has been filed in the probate court.

K. S. A. 59-2404 provides in substance, so far as material here, that an appeal may be taken from an order of the probate court within thirty days after the order is entered. In construing the statute in *In re Estate of Parker*, 201 Kan. 1, 439 P. 2d 138, this court stated:

"An appeal from an order, judgment, decree, or decision of the probate court must be perfected within thirty days after the same is made." (Syl. ¶ 1.)

Both parties agree the answer to the question at issue lies in the interpretation to be given our procedural statute pertaining to appeals from probate court (K. S. A. 59-2405) which provides:

"To render the appeal effective:

"(1) The appellant shall serve upon the adverse party or his attorney of record, or upon the probate judge for the adverse party, a written notice of appeal specifying the order, judgment, decree, or decision appealed from, and file such notice of appeal in the probate court with proof of service thereof verified by his affidavit.

"(2) The appellant, other than the state or municipality or a fiduciary appealing on behalf of the estate, shall file in the probate court a bond in such sum and with such sureties as may be fixed and approved by the probate court, conditioned that he will without unnecessary delay prosecute the appeal and pay all sums, damages, and costs that may be adjudged against him.

"(3) Whenever a party in good faith gives due notice of appeal and omits through mistakes to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just."

Appellant acknowledges that under our law the filing of an appeal bond is essential to vest a district court with jurisdiction of an appeal from probate court, with exceptions not here material (see *In re Estate of Bengston,* 182 Kan. 322, 320 P. 2d 800), but he contends that having filed a proper notice of appeal under subdivision (1) of 59-2405 he is then entitled to the exercise of the district court's discretion in permitting an amendment under subdivision (3). He argues that under the language of subdivision (3) the only prerequisite to its application is the good faith giving of notice of appeal.

This court has upon a number of occasions construed the provisions of K. S. A. 59-2405 adversely to appellant's position. In *In re Estate of Dudley,* 159 Kan. 160, 152 P. 2d 678, a notice of appeal from an order of a probate court was timely filed by an heir opposing probate of a will. No bond was filed within the statutory period of time for taking an appeal and the district court dismissed the appeal. The appellant contended that by reason of subdivision (3) of 59-2405, he, having given timely notice of appeal, might give bond two or three months after the time for appeal had expired. This court held appellant was not in position to present this question because he had never made any request upon the district court within the purview of the statute and further stated:

"We add, however, that the purpose of the quoted sentence [59-2405 (3)] was to prevent trivial imperfections from defeating an appeal. Certainly the court would be reluctant to say that the simple giving of a notice of appeal

would justify the delay of giving any bond until after the time for appeal had expired." (p. 164.)

In *In re Estate of Freshour,* 177 Kan. 492, 280 P. 2d 642, this court was again concerned with amendments permissible under subdivision (3) of 59-2405, albeit in a situation in which due notice of appeal had not been given. The statement contained in *Dudley* that the purpose of the amendment provision is to prevent "trivial imperfections" from defeating an appeal was specifically adhered to. This court further concluded the appeal statute must be read in its entirety, adding:

"It says that in order to render the appeal *effective* an appellant must do certain things . . .," (p. 501.)

and that one of those things is the filing of a bond. In *Freshour* we find this:

"In order for an appeal from the probate court to the district court to be effective, thus vesting the district court with jurisdiction thereof, it is necessary that the party appealing comply with the requirements of subdivisions (1) and (2) of the appeal statute, G. S. 1949, 59-2405." (Syl. ¶ 1.)

"The phrase 'any other act,' appearing in subdivision (3) of G. S. 1949, 59-2405, means an act 'in addition to' or 'distinct from' those acts already mentioned in subdivisions (1) and (2) of the statute. . . ." (Syl. ¶ 5.)

The *Freshour* holding was referred to with approval in *In re Estate of Bengston,* supra, a case in which an appellant who was not a fiduciary of an estate failed to file a bond in a purported appeal from probate court, and again in *In re Estate of Allgire,* 183 Kan. 527, 331 P. 2d 296, and most recently in *In re Estate of Lang,* 195 Kan. 352, 404 P. 2d 640. Although the *Freshour, Allgire* and *Lang* cases were situations in which defective notices of appeal were involved we think the reasoning therein is sound and the conclusions expressed are valid.

By statutory fiat, in order to render an appeal *effective* an appellant must file a bond. Here, because of the absence of the filing of a bond as prescribed, the appeal did not become effective. It was a nullity. Therefore, the district court acquired no jurisdiction of it. Lacking jurisdiction of the appeal, it naturally follows the court was without power to exercise any discretion with respect to a requested amendment (see *In re Estate of Freshour,* supra, p. 501). In any event a court's jurisdiction—its power to act at all with respect to a given case—should not depend upon the exercise of its discretion in a particular way.

The orders of the district court dismissing the appeal and ruling it had no discretionary power to permit an appeal bond to be filed out of time are affirmed.

APPROVED BY THE COURT.