No. 36,835

JULIA A. GRANT, *Appellee,* v. LLOYD M. REED, *alias* Floyd Russell, and CLARENCE E. JONES, *Appellants.*

(186 P. 2d 239)

ROBERT L. NESMITH, judge. Opinion filed November 8, 1947.

*John F. Eberhardt,* of Wichita, argued the cause, and *I. H. Stearns,* of Wichita, was with him on the briefs for the movant.

*Rupert Teall,* of Wichita, argued the cause, and *Carl I. Winsor* and *Harlin E. Bond,* both of Wichita, were with him on the briefs for the appellants.

The opinion of the court was delivered by

HARVEY, C. J.: This case was before us upon appellee's motion to dismiss the appeal because the garnishee had not been made a party in this court. An opinion written (163 Kan. 105, 179 P. 2d 945) held that the garnishee was a necessary party. Appellant had filed an application to amend the notice of appeal by bringing in the garnishee as an additional party. This motion was granted. Thereafter appellant served notice of appeal upon garnishee and filed the same with the clerk of the district court and amended his notice of appeal by making him a party in this court.

In response to this amended notice of appeal the garnishee filed a motion in this court to dismiss the appeal. This motion has been briefed and argued and is now before us for decision. In the briefs there is some argument upon the question as to whether the garnishee was a necessary party here. We have considered that argument and adhere to the views expressed in the former appeal. There is no need of a further discussion of it.

The movant contends that this court has no jurisdiction to permit or compel him to become the party-appellee herein for the reason that notice of appeal was not served upon him until more than

two months after the date of the judgment appealed from, as provided by G. S. 1945 Supp. 60-3309. The point is not well taken. The procedure authorized by this court in its former decision, and followed by the appellant, is authorized by G. S. 1935, 60-3310, which so far as here pertinent, reads:

"Any notice of appeal may be amended at any time by bringing in additional parties or otherwise, before the hearing, as to the appellate court may seem fit. . . ."

There has been no hearing upon the merits of this case in this court, hence the action taken and the amendment to the notice of appeal was taken in time. To sustain the movant's contention now before us it would be necessary to delete from the statute last quoted the words "before the hearing" and substitute therefor "before the time provided for appeal." We would not be justified in doing that.

The movant cites *Norton v. Wood*, 55 Kan. 559, 561, 40 Pac. 911, and several other cases decided by this court and by the court of appeals, which held that the necessary party to the appeal had to be brought into court within the time for appeal—then one year. None of these cases is in point. They were decided under statutory provisions for appeal which were repealed in 1909, when the code of civil procedure was rewritten and a radically different method was provided for appeals from the district court to this court (Laws 1909, ch. 182). More than that, the statutes under which those decisions were rendered contained no provision for amending as to parties or other material matters after the time for appeal had passed. This change in the method of appeal and its effect upon prior decisions was quite fully discussed in *Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, at pages 66 and 67, 234 Pac. 71.

At the time of the framing of the code of civil procedure, adopted in 1909, it had been demonstrated by the decisions cited by movant and others that appellants were defeated in their right to be heard in this court by the lack of any provision for amendment after the time for appeal had expired. The purpose of G. S. 1935, 60-3310, was to avoid such results.

Since its adoption this statute (G. S. 1935, 60-3310) has been used where the facts warranted it, as disclosed by such opinions as *Boss v. Brown*, 132 Kan. 86, 294 Pac. 878, and *McQuin v. Santa Fe Trail Transportation Co.*, 155 Kan. 111, 122 P. 2d 787, and cases

cited therein. There are other cases in which such amendments have been allowed without question and for that reason not mentioned in the opinions.

The movant correctly points out that the opinions above cited did not involve amendments as to parties, but the statute is just as effective as to parties as it is to any other matter material to the appeal. The legislature did not distinguish between amendments as to parties and amendments as to other necessary matters. We see no reason why we should do so.

The movant relies quite heavily upon *Salt City B. L. & S. Ass'n v. Peterson,* 145 Kan. 765, 67 P. 2d 564. This case recognized the other authorities above cited which at that time had been decided, but held the statute not applicable for the reason that there had been no attempt to appeal by any of the parties within the six months then allowed for an appeal. No such situation exists here.

The movant quotes from 3 Am. Jur. 159 as follows:

"A defect of parties may generally be remedied by amendment on motion, but the appellate court will not usually permit an amendment to bring in omitted parties after the time for taking an appeal or error proceeding has expired as to such parties."

And a number of cases are cited from other states which hold that the amendment bringing in new parties should not be allowed after the time fixed for an appeal has expired. We are not so much concerned with the general proposition of what courts *usually* do, nor with what courts of other states do. We assume that the other states follow the statutory provisions of the respective states with respect to when an amendment may be made as to parties. That is what we did prior to 1909. It is what we have done since. The difference in the statutory provisions pertaining to appellate procedure necessitates a different result. Where the legislature has authority to prescribe the appellate procedure the courts should, and usually do, follow the procedure outlined by the legislature.

While more might be said upon the question we think that is unnecessary. Our problem is to interpret our own statute and to follow it, and where our statute says that the notice of an appeal may be amended as to parties at any time before the hearing we do not feel justified in saying that the amendment has to be made within some other period of time.

The motion to dismiss is denied.