No. 39,966

WILLIAM POLZIN, *Appellee,* v. NATIONAL COOPERATIVE REFINERY ASSOCIATION, *Appellant.*

(302 P. 2d 1003)

Opinion filed November 3, 1956,

(For original opinion of dismissal of appeal see *Polzin v. National Cooperative Refinery Ass'n,* 179 Kan. 670, 298 P. 2d 333.)

The opinion of the court was delivered by

FATZER, J.: The appellant asks for a rehearing and a modification of the decision and order previously rendered dismissing this appeal. (*Polzin v. National Cooperative Refinery Ass'n,* 179 Kan. 670, 298 P. 2d 333.) We have examined the record, the former opinion and

the arguments and authorities cited in support of the motion for rehearing, and in our opinion, the motion should be denied.

Further consideration of the former opinion convinces us it should be modified with respect to the manner of perfecting an appeal to this court as set forth in syllabus 2 (3) and the corresponding portion of the opinion.

G. S. 1949, 60-3306 provides three distinct steps to be taken to perfect an appeal to this court when the adverse party or his attorney of record reside in this state. The first is, by filing notice of appeal with the clerk of the trial court, stating the party filing the same appeals from the judgment, order or decision complained of to the supreme court. The second is, by personally serving a copy of the notice of appeal on all adverse parties whose rights are sought to be affected, or their attorneys of record. The third is, by making proof of such service by affidavit within the time prescribed by G. S. 1949, 60-3309 (*Polzin v. National Cooperative Refinery Ass'n,* supra), unless service of the notice of appeal is acknowledged in writing by appellee or his attorney of record, or unless service is acknowledged by the appellee or his attorney of record by signing and returning to the sender a registered mail receipt card acknowledging receipt of such notice thereon. (*Von Der Heiden v. Williams' Estate,* 162 Kan. 233, 175 P. 2d 117.) It is unnecessary for the party making the appeal to file proof of service by affidavit where service is acknowledged in writing since, in our opinion, the acknowledgment of service in writing constitutes a waiver of proof of service under the statute.

Anything said in our original opinion at variance with this opinion is withdrawn. Under the circumstances here obtaining, the motion for rehearing is denied.

It is so ordered.