No. 40,196

ROBERT D. HARSHBARGER, *Appellee,* v. RAYMOND CARSON, *Appellant.*

(303 P. 2d 143)

Opinion filed November 3, 1956.

*David W. Carson,* of Kansas City, argued the cause and *John K. Dear, J. W. Mahoney, Ernest N. Yarnevich,* and *J. E. Schroeder,* all of Kansas City, were with him on the briefs for the appellant.

*Buford E. Braly,* of Kansas City, argued the cause and *J. Roy Holliday,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, C. J.: This was an action for specific performance of a contract to sell real estate. Judgment was for the plaintiff. Defendant has appealed.

The amended petition alleged that on December 17, 1952, defendant gave plaintiff an option to purchase a described tract of real estate in Wyandotte county and agreed to furnish plaintiff an abstract of title within ten days of the date of the contract and plaintiff should have ten days thereafter to examine the abstract and set forth any defects and the defendant would have thirty days thereafter in which to remedy all such defects and to show good and merchantable title; that at the time of the execution of the contract plaintiff paid defendant $100 and if the abstract was made to show a good title, then the defendant was to execute and deliver to the plaintiff a warranty deed to the real estate and upon the payment of plaintiff to defendant of $15,900 it was to be delivered to plaintiff; that the defendant delivered the abstract to plaintiff about the 31st of December, 1952; that plaintiff returned it to defendant's attorney at his request on the 9th day of January, 1953, and defendant agreed to comply with the requirements of the attorney's opinion; that the defendant thereafter refused to complete the transaction although plaintiff agreed to accept the deed without the necessity of defendant complying with these requirements; that plaintiff tendered to defendant on February 26, 1953, at plaintiff's place of business a check in the sum of $15,900 and demanded that defendant execute and deliver to him a warranty deed for such premises or enter into a contract for a warranty deed thereto and defendant had wholly failed and refused to do so; that plaintiff was ready, willing and able to pay to the defendant the balance due on the contract and tendered it to the defendant upon the execution and delivery to plaintiff of a warranty deed; that plaintiff had no plain, adequate and complete remedy at law; could not be adequately compensated in damages and he had performed all the conditions precedent in the contract obligatory upon him to be performed and stood ready to pay defendant the balance due upon delivery to plaintiff of a good and sufficient warranty deed.

The prayer was for a decree of specific performance upon the payment by plaintiff to defendant of $15,900 and if he refused to

do so that the decree of the court operate as a conveyance of the title to the real estate to plaintiff and the plaintiff be ordered to pay to the clerk of the court the sum of $15,900 upon delivery by the defendant to the clerk of the court a good and sufficient deed.

The answer of the defendant was first a statement that the petition did not state the facts sufficient to constitute a cause of action; next a general denial except for such things as should be omitted. The answer next alleged that the contract attached to plaintiff's petition was not and never was intended to be a separate contract but was made in conjunction with and as a part of another contract for the purchase of an additional tract of land lying immediately to the south of the tract of land described in the contract; that the only agreement entered into by and between plaintiff and defendant was for the sale of the two tracts of land together; that plaintiff and defendant and Angie F. Chandler and George Chandler entered into two contracts as one transaction for the conveyance of the two tracts of land; that the contracts were to be performed simultaneously or not at all; that they constituted one inseparable and indivisible transaction; that plaintiff had no option to purchase either of the tracts without purchasing the other and could only perform the contract by purchasing both tracts of land together. The answer prayed judgment for costs.

The plaintiff testified as to negotiations between himself and defendant for the sale of one tract; that the price of $16,000 was agreed upon on December 17, 1952; that the oral agreement was reduced to writing at the Quindaro State Bank; that present at that time were a Mr. Walter, Raymond Carson, Angie Chandler and plaintiff; that a descriptive title was handed plaintiff by the defendant; was examined by plaintiff's lawyer, who made some requirements; that defendant came to the office of plaintiff about February 26th; said the deed to the land was ready to be executed and delivered; that plaintiff offered him a check in the sum of $15,900 and defendant demanded cash; plaintiff was to meet defendant at 9:30 the next morning, but at 8:30 that morning defendant's lawyer called and said defendant did not want to sell his property. The two contracts, Exhibit 1 and Exhibit 2, were introduced in plaintiff's examination. One of these contracts was between plaintiff and defendant. It described the tract of land and set out the terms, about as have been alleged. Exhibit 2 was between plaintiff and one Angie Chandler. It described another

tract of land and provided it was to be sold to plaintiff that day for $10,750; that the complete abstract of title to the property was to be delivered to purchaser within ten days from the date thereof and the purchaser should have ten days after the receipt of the abstract to examine it and the seller should have thirty days after that to remedy any defects; and the payment of $250 in cash was acknowledged.

In the cross-examination plaintiff testified that at the time he and defendant signed Exhibit 1 another contract was entered into between Angie Chandler and the plaintiff.

The defendant at the close of plaintiff's evidence interposed a demurrer to it. This was overruled. The final judgment of the court was entered on May 9, 1955.

On account of some questions raised with reference to the notice of appeal, the evidence of defendant will not be set out in detail. In order for an understanding to be had of the court's judgment, however, and what we shall hold with reference to it, a brief statement will be made.

It was the claim of defendant that the tract involved in the contract between him and plaintiff fronted on Federal Highway 40 in Wyandotte county and that the tract involved in the contract between plaintiff and Angie Chandler lay to the rear of it and had no access to Highway No. 40 whatever and that when negotiations were had it was the understanding that defendant Carson would not agree to sell his tract unless plaintiff would agree to take the tract owned by Angie Chandler. Angie was the stepdaughter of defendant. It was upon that question that the trial was had.

On February 28, after colloquy between court and counsel the court observed:

"I think we are on the right track. These two contracts were made on the same day and no doubt they were intended to be construed together, and the property fronting on the highway was not to be sold unless the other property was to be sold at the same time. Now, it is up to the parties in this case to do whatever they want to do. As the evidence stands now, you can not expect the defendant in this case to do equity, if you don't do equity. As far as the record shows now they have offered you the proposition of carrying out the full contract, the two contracts, the things involved in the two contracts. You may do as you like about it. I think it is a good way to settle this case."

On May 9, 1955, the court made the following observations:

"You will all remember at the close of the trial, the plaintiff by his attorney made the proposition that including the other tract, if that would make any dif-

ference in the case. Now, I could not consider it unless it is put in as part of the pleadings. If you want to amend—"

Following that colloquy the plaintiff amended the amended petition by interlineation as follows:

"Plaintiff offers and is willing to fulfill and comply with the terms of the contract with Angie Chandler dated December 17, 1952, for the purchase of her real estate adjoining on the south and east the real estate described in this petition and more specifically described as property being located at 7144 State Avenue, Muncie, beginning at a point 198 feet west of the southwest corner of the northeast one-quarter of the northwest one-quarter of Section 10, Township 11, South, Range 24, East; thence west 1601 feet, thence south 8 degrees, 351 feet east 292.5 feet, thence south 43 degrees, east 195.97 feet thence East 1428.1 feet, then north 429 feet to the point of beginning containing 15.29 acres, more or less, for the amount of $10,500 on delivery of deed."

Following that there was some colloquy about a proffer of evidence, with which we are not now concerned.

The court announced judgment for plaintiff for specific performance.

We go now to the journal entry of judgment. In the journal entry the trial court first took notice of the fact of the amendment, to which reference has already been made. The court then found for the plaintiff and against the defendant and that all the allegations of the plaintiff's amended petition and the amendment by interlineation were true and that the plaintiff was entitled to the relief prayed for and to specific performance of the contract entered into between plaintiff and defendant on December 22, 1952. The court then found that although Angie Chandler was not a party to the action, plaintiff by his amendment by interlineation and by offer made in open court had offered to fulfill that contract, wherein he agreed to purchase from Angie the land owned by her. The court further found that inasmuch as Angie was not a party to the action, judgment could not be entered for or against her for specific performance of the contract. The court further found that plaintiff on or before July 20, 1955, should deposit with the clerk of the court $15,900 as full payment for the purchase price of the Carson tract and defendant should within ten days after that deposit, execute and deliver to the clerk a deed to the property in question and if defendant failed to make such deed within that specified time, the decree would operate as a conveyance of the real estate and that in the event an appeal was taken the plaintiff might on or before the 20th day of July, 1955, in lieu of deposit

money, make and execute a good and sufficient surety bond in the sum of $15,900 to secure the payment to the defendant for the purchase price of the land in question. The court further found that the plaintiff should on or before the 20th of July, 1955, deposit with the clerk of the court for the benefit of the heirs of Angie Chandler, who was deceased, the sum of $10,500, to be delivered to them upon deposit to the clerk of a good and sufficient warranty deed to the plaintiff, together with an abstract showing the title to the land owned by Angie; that in the event an appeal was taken to the supreme court, the plaintiff might on or before the 20th day of July in lieu of the deposit money make or deliver to the clerk a good and sufficient warranty bond in the sum of $10,500.

Judgment was ordered pursuant to those findings.

On May 18, 1955, Carson's notice of appeal was that he appealed from the order made on May 9, 1955, whereby it was adjudged that plaintiff should have judgment for specific performance.

In due time the defendant Carson filed a motion for a new trial on nine statutory grounds. This motion was overruled on July 5, 1955.

Defendant's specifications of error are that the trial court erred in finding that plaintiff was entitled to a judgment for specific performance; in overruling defendant's demurrer to plaintiff's evidence; in overruling appellant's motion for a new trial; and in excluding from evidence the offer of proof of the proposed highway to be constructed through the Chandler and Carson tracts.

Plaintiff argues first his motion to dismiss defendant's appeal should be sustained. He points out the appeal is from the judgment only and cites cases where we have held that an appeal perfected only from a judgment and decree did not constitute an appeal from an order overruling a motion for a new trial.

The judgment was entered on May 9, 1954. In due time the defendant filed a motion for a new trial. This was overruled on July 15, 1955. Defendant appealed from the judgment of May 18, 1955. On September 22, 1956, defendant filed his motion for permission to amend his notice of appeal by appealing from the finding the plaintiff was entitled to a judgment for specific performance; from the order overruling his demurrer to plaintiff's evidence; from the order overruling his motion for a new trial; from the order excluding from evidence the offer of proof of the proposed highway to be constructed through the Chandler and Carson tracts of land; abuse of

discretion in entering a judgment in whole or in part contrary to the evidence; and from all other rulings, findings and conclusions adverse to him.

This motion was filed pursuant to G. S. 1949, 60-3310. This motion was allowed. It must be remarked, however, the motion for a new trial was overruled on July 15, 1955. This was an appealable order. The motion to amend the notice of appeal was filed September 22, 1956. The time within which to appeal from the order overruling the motion for a new trial had passed before that date. The allowance by us of the motion to amend the notice of appeal did not have the effect of bringing it here on appeal. The result is we have here now an appeal from the judgment only. This does not have the effect of requiring dismissal of the appeal. It only limits its scope. Where the ruling sought to be reviewed is one of law it is open to review whenever a timely appeal is taken from a final judgment. (See *Arnall v. Union Central Life Ins. Co.,* 157 Kan. 535, 142 P. 2d 838.) Where the basis of this appeal is that the judgment rendered by the trial court was not as a matter of law warranted by the pleadings and undisputed facts, such a record raised a question of law. It does not require an examination of the evidence for trial errors. (See *Keefer v. Spohrer,* 168 Kan. 331, 212 P. 2d 230.) In this case there is no dispute about the relevant facts. The plaintiff himself testified the two contracts were both executed at the same time and at the same place. There can be no doubt about that. There is no dispute about the fact that Angie Chandler was Raymond Carson's stepdaughter.

Under such circumstances we examine the journal entry of judgment and colloquy between court and counsel, about which there is no dispute. The trial took place on different dates, that is, October 28, 1954, February 28, 1955, and May 9, 1955. The trial court at the conclusion of the hearing on February 28th after colloquy with counsel made the remark already set out in this opinion, the purport of which was that the court found and held that the two contracts were made at the same time and should be construed together and the property on the highway was not to be sold unless the other property was to be sold at the same time. Up to the time of that hearing the plaintiff had not expressed any interest in acquiring the Angie Chandler property. Nothing more was done at that time.

When the trial was resumed on May 9, 1956, the trial judge

stated in effect he would not consider decreeing specific performance of the Carson tract unless the pleadings were amended to include the Chandler tract. Counsel stated they wished to amend their petition and did proceed to amend it by interlineation, by simply stating that plaintiff was ready and willing to fulfill and comply with the terms of the contract with Angie, whereupon the trial court decreed specific performance of both contracts.

The error in this judgment is that it has to do with the Angie Chandler tract, even though Angie or her legal representative were not parties to the action. This need only to be stated to establish such a thing cannot be done.

The only action the trial court at that stage could possibly have done would have been to order all interested parties brought into court and proper pleadings filed. (See *McFadden v. McFadden,* 179 Kan. 455, 296 P. 2d 1098, and authorities cited.) For all that appears in this record, the situation may have changed radically since Angie herself made the contract in December, 1952, over two years later when specific performance was decreed. At any rate, Angie had testified at the trial on October 28, 1954, in the action to which she was not a party and in which nothing was prayed for as to her land. She was deceased at the time of the judgment. The record does not disclose whether a legal representative had been appointed. The title to the land was in some party, however. That party had the right and the duty to appear and defend any action with reference to this land. Such an opportunity was not afforded. The action of the court in permitting the plaintiff to amend by stating he was willing to fulfill the contract with her was followed instanter by the judgment.

The trial court held that the contracts should be construed together and specific performance of the Carson contract would not be decreed unless there was specific performance as to the Chandler tract. The judgment would not have been allowed under any other circumstance. It has been demonstrated in this opinion the judgment as to the Chandler land was a nullity. It follows that the judgment as to the Carson tract cannot stand.

The judgment of the trial court is reversed with directions to render judgment for the defendant.

Thiele, J., dissents.