No. 41,444

ELMER NICOLAY, *Appellee,* v. ROLLO F. PARKER and MERLE D. PARKER, *Appellants.*

(345 P. 2d 1013)

Opinion filed November 7, 1959.

*Keith Eales,* of Wichita, argued the cause for the appellants and *Lawrence Curfman* and *L. M. Kagey,* both of Wichita, were with him on the briefs.

*Glenn J. Shanahan,* of Wichita, argued the cause for the appellee and *Dale Bryant, Morris Cundiff, Garner E. Shriver, Orlin L. Wagner* and *James D. Van Pelt,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The appellee as plaintiff brought this action in the district court seeking to recover $15,000 compensatory damages and $5,000 punitive damages from appellants as defendants based upon injury to plaintiff's rights under a ten year lease previously made between the parties. After a jury trial, plaintiff received a verdict for $7,595 actual damages without punitive damages. The trial court approved the verdict, overruled a motion for new trial, and entered judgment on the verdict.

The appellants have attempted to appeal from the above judgment but we are met at the outset by the motion of the appellee to dismiss the appeal pointing out that no proof of service of the notice of appeal has been filed as required by G. S. 1949, 60-3306.

At the time of oral argument, counsel for both appellee and

appellants were commendably frank with the court concerning the manner in which the appeal in this case was attempted to be perfected. On December 18, 1958, attorney for appellants served the notice of appeal on the attorney for the appellee, but did not ask that he acknowledge service of the same.

Counsel for appellants states that he filed the notice with the clerk of the district court and believes that he filed an affidavit signed by himself showing service on attorney for appellee. The notice of appeal was filed by the clerk of the trial court and transmitted to the clerk of this court, but no affidavit of proof of service was ever filed by the clerk of the district court or transmitted to this court (G. S. 1949, 60-3307). No proof of service of the notice of appeal is set out in the abstract of the appellants.

Appellants recognize that under the decisions of this court the above facts seem to show that this court has no jurisdiction over the subject matter of this appeal. Appellants suggest that because of the fact that it is now admitted that counsel for appellee received a copy of the notice of appeal our former cases should be distinguished. Those cases show clearly that unless the appeal be perfected in all particulars, as provided in section 60-3306, this court has no jurisdiction under the constitution and statutes of the state and is powerless to act in the matter. Attention is directed to *Polzin v. National Cooperative Refinery Ass'n.*, 179 Kan. 670, 298 P. 2d 333, opinion on motion for rehearing, 180 Kan. 178, 302 P. 2d 1003; *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341; and the many cases cited in the opinions of the Polzin and Thompson cases.

It should be noted that in both the Polzin case and the Thompson case the notice of appeal was timely served upon the appellees. But in both cases no proper proof of service was timely made as required by the statute.

In view of what has been said, the only possible holding this court is able to make in the instant case is to dismiss the appeal. It is so ordered.