No. 41,726

Anna Frances Martin, Alice Clare Fager, and Patricia R. O'Brien Rice, *Appellants,* v. Forestry, Fish and Game Commission, State of Kansas, and Pete LaForge, *Appellees.*

(347 P. 2d 276)

Opinion filed December 12, 1959.

*Charles F. Forsyth,* of Erie, argued the cause and was on the briefs for the appellants.

*John Anderson, Jr.,* attorney general, *Noel Mullendore,* special assistant attorney general, and *Charles E. Henshall,* of Chanute, were on the briefs for the appellee, the state forestry, fish and game commission.

*George W. Donaldson,* of Chanute, argued the cause, and *Leslie H. Cable,* of Chanute, was with him on the briefs for the appellee, Pete LaForge.

The opinion of the court was delivered by

Robb, J.: The state forestry, fish and game commission commenced a proceeding in eminent domain to condemn 480 acres of land for which the court-appointed appraisers made a total award in the sum of $108,985.50 apportioned in the following amounts to the interests indicated:

Record Fee Owners
Anna Frances Martin and spouse,
James R. Martin, (⅓) .............................. $33,748.33
Alice Clare Fager and spouse,
C. E. Fager, (⅓) ................................. 33,748.33
Patricia R. O'Brien Rice, and spouse,
David W. Rice, (⅓) .............................. 33,748.34

AGRICULTURAL
Pete LaForge ........................................ $6,500.00
CABIN OWNERS
Casey O'Bryan ........................................ 840.50
Albert Pichard ........................................ 200.00
Charles Mingori ........................................ 200.00

$108,985.50

The record fee owners were dissatisfied with and aggrieved by the above award and appealed therefrom whereby there was brought to the district court in its entirety the question of the sufficiency of the award. It has been held trial of that issue in the district court is conclusive on all parties, subject to appeal to the supreme court. (*Moore v. Kansas Turnpike Authority*, 181 Kan. 51, 310 P. 2d 199, opinion on rehearing, 181 Kan. 840, 317 P. 2d 384.) See also, *Collingwood v. Kansas Turnpike Authority*, 181 Kan. 43, 310 P. 2d 211, opinion on rehearing, 181 Kan. 838, 317 P. 2d 400.

We further stated in *Jenkins v. Kansas Turnpike Authority*, 181 Kan. 862, 317 P. 2d 401, that,

". . . under the Moore decision, any appeal by the landowner . . . brings to the district court the determination of the total sufficiency of the award of all interests in the tract or parcel of land under condemnation." (pp. 864, 865.)

A stipulation with which we are not now concerned was entered into between the record fee owners and the condemner and thereafter Pete LaForge moved the trial court to dismiss the record fee owners' appeal thereto, which motion was sustained by that court. The record fee owners bring the instant appeal from the order in the court below whereby their appeal from the award of the appraisers was dismissed. The notice of appeal was directed to "The State of Kansas and its Forestry, Fish and Game Commission, condemner; Pete LaForge, condemnee." Service thereof was accepted and proof of service was waived by:

"Chas. E. Henshall,
"Attorney for the State of Kansas
and its Forestry, Fish and Game
Commission, condemner."

"L. H. Cable
"Attorney for Pete LaForge,
condemnee."

A search of the record and the argument of counsel reveal there was no notice of appeal directed to, nor served, nor attempted to be served, on the cabin owners, Casey O'Bryan, Albert Pichard, and Charles Mingori, even though, under the Moore case, all of them were brought up to the district court by reason of the record fee owners' appeal from the award of the appraisers.

This brings us to the rule strictly followed by this court and repeated in *Polzin v. National Coöperative Refinery Ass'n,* 179 Kan. 670, 298 P. 2d 333, as modified on motion for rehearing in 180 Kan. 178, 302 P. 2d 1003, and more recently stated in *Thompson v. Groendyke Transport, Inc.,* 182 Kan. 616, 322 P. 2d 341:

"Unless service of the notice of appeal is acknowledged in writing by all adverse parties, whose rights are sought to be affected by the appeal, or their attorneys of record, or unless service is acknowledged by such parties or their attorneys of record by signing and returning to the sender a registered mail receipt card acknowledging receipt of such notice, a litigant seeking to appeal from a judgment, order or decision of the district court does not perfect a valid appeal under G. S. 1949, 60-3306, unless he makes proof of service of his notice of appeal by affidavit within the time prescribed by G. S. 1949, 60-3309."

We therefore conclude that in an eminent domain proceeding brought by a state department or commission possessing such power wherein the landowners appeal from the award of the court-appointed appraisers, the appeal brings to the district court the determination of the sufficiency of the award of all interests in the tract or parcel of land under condemnation and the result of the trial is conclusive on all parties, subject to appeal to the supreme court. In an attempt to appeal to this court, the landowners in this case failed to serve notice of appeal on adverse parties who had been brought to the district court by the landowners' original appeal from the award of the appraisers. By reason of such failure, this court has no jurisdiction to hear the appeal and it must of necessity be dismissed.

A question is raised in regard to the manner in which our attention was called to the jurisdiction feature of the case but we shall not concern ourselves therewith because the record fully discloses the failure of notice. Citation of our supporting decisions is unnecessary on our well-established rule that this court has the duty to determine jurisdictional defects whether raised by the parties or not.

Appeal dismissed.