No. 41,775

R. M. KREHBIEL (Emma M. Krehbiel, Executrix of the Estate of R. M. Krehbiel, Deceased, Substituted Plaintiff), *Appellee,* v. CARL O. JUHNKE and BERTHA JUHNKE, *Appellants.*

(351 P. 2d 206)

Opinion filed April 9, 1960.

*Russ B. Anderson,* of McPherson, argued the cause, and *Archie T. Mac-Donald,* of McPherson, was with him on the briefs for the appellants.

*Evart Mills,* of McPherson, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The defendant owners' attempted appeal, in an action wherein the plaintiff had recovered a judgment against them for services in procuring a purchaser for their land in accord with the terms of an alleged listing agreement and their motion for a new trial had been overruled, is challenged by the plaintiff on the ground this court has no jurisdiction to entertain such appeal be-

cause defendants had failed to perfect it within the time prescribed by statute (G. S. 1949, 60-3306 and 60-3309).

The essential facts on which the foregoing phase of this controversy depend are undisputed and can be briefly stated.

Judgment against defendants and in favor of plaintiff was rendered in accord with the jury's verdict on May 29, 1959.

Defendants' motion for a new trial was overruled on June 24, 1959.

On August 5, 1959, defendants filed a notice of appeal in the office of the clerk of the district court of the county (Reno) in which the judgment was rendered. This notice recited that defendants were appealing from the judgment and other adverse rulings (describing them) and from the order overruling their motion for a new trial.

Service of a copy of the notice of appeal was made on plaintiff's attorney on August 6, 1959.

On September 10, 1959, which it is to be noted was more than two months after the date fixed by statute (60-3309) for the perfection of an appeal from any ruling, judgment and/or order set forth in the notice of appeal, plaintiff's acknowledgment of service and waiver of proof and an affidavit stating that service of a copy of such notice had been served on plaintiff on August 6, 1959, were filed in the office of the clerk of the district court of Reno County.

The parties agree that, under all our decisions dealing with the subject, the established rule is that where the record discloses lack of jurisdiction by reason of noncompliance with the essential requirements of 60-3306 and 3309, *supra,* it is the duty of this court to deny the appeal. For numerous decisions where such rule is considered, discussed and applied see page 673 of the opinion in *Polzin v. National Cooperative Refinery Ass'n,* infra. For our most recent decision, dealing with the general subject, see *Martin v. Forestry, Fish and Game Commission,* 185 Kan. 796, 347 P. 2d 276.

From the foregoing factual statement two things become crystal clear. One is that defendants filed their notice of appeal with the clerk of the trial court within two months from the date of the overruling of their motion for a new trial. The other is that they failed to file *proof* of service of such notice of appeal by affidavit or an acknowledgment of service and waiver of proof thereof with that official until after the expiration of the two months period.

Thus we come to the all-decisive question raised by plaintiff's motion to dismiss the appeal. Did defendants' failure to make any

proof whatsoever of service of the notice of appeal, either by affidavit or by an acknowledgment and waiver of proof of service by plaintiff or his attorney of record with the clerk of the trial court, within the time required by 60-3309, *supra*, comply with the mandatory requirements of 60-3306, *supra?*

Section 60-3306 prescribes the manner in which appeals can be perfected and, so far as here pertinent, reads:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; or, if such service cannot be made within the state, service may be made by a notice, properly addressed to such persons or their attorneys of record at their places of residence, deposited in the mail, if their places of residence are known. *Proof of such service shall be made by affidavit,* . . .; *and thereupon the appeal shall be deemed to be perfected.*" (Emphasis supplied.)

We believe a careful analysis of what is said and held in *Polzin v. National Cooperative Refinery Ass'n*, 179 Kan. 670, 298 P. 2d 333, on rehearing 180 Kan. 178, 302 P. 2d 1003; *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341, and the numerous cases there cited, warrants a negative answer to the all-decisive question to which we have heretofore referred. If not it is certainly required by our later decision of *Nicolay v. Parker*, 185 Kan. 481, 345 P. 2d 1013, where it is held:

"Where in attempting to perfect an appeal to this court under the provisions of G. S. 1949, 60-3306, no proof of service of the notice of appeal or acknowledgment thereof is timely filed although it is admitted the notice of appeal was in fact properly served, this court has no jurisdiction of the attempted appeal and it must be dismissed." (Syl.)

And in the opinion said:

"It should be noted that in both the Polzin case and the Thompson case the notice of appeal was timely served upon the appellees. But in both cases no proper proof of service was timely made as required by the statute." (p. 482.)

In an attempt to forestall the conclusion just announced the defendants contend the statute does not designate where proof of service of the notice of appeal must be filed but merely provides it must be made. We do not agree. The statute itself (G. S. 1949, 60-3307) provides that "*When the appeal is perfected and proof of service of notice of the appeal,* or the affidavit provided for

in the preceding section showing inability to make service on a nonresident party, *is filed with the clerk of the trial court*, he shall forthwith make a certified copy of such notice and proof of service or affidavit and transmit the same to the clerk of the supreme court, . . ." (Emphasis supplied.)

Moreover, defendants' contentions on this point have long since been laid to rest contrary to their position.

See *Schmuck v. Railway Co.*, 85 Kan. 447, 116 Pac. 818, where it is held and said:

"An appeal is 'perfected' so far as to give this court jurisdiction when the notice with proof of service has been filed with the clerk of the trial court . . ." (p. 449.)

See *Fisher v. Spillman*, 85 Kan. 552, 118 Pac. 65, where the following statement appears:

". . . No appeal can be taken until notice and proof thereof have been filed with the clerk of the trial court, and when so filed it becomes his duty forthwith to transmit certified copies thereof to the clerk here . . ." (p. 555.)

See, also, *Thisler v. Little*, 86 Kan. 787, 121 Pac. 1123, which holds:

"An appeal is perfected by proper service of the notice and filing proof thereof with the clerk of the trial court." (Syl. ¶ 1.)

And see *Polzin v. National Cooperative Refinery Ass'n*, supra, where, in connection with extensive quotations from the Thisler case, it is said:

"While this case deals primarily with the manner in which a notice of appeal shall be personally served upon adverse parties, it is authority that an appeal is not perfected pursuant to G. S. 1949, 60-3306 unless and until proof of service by affidavit is filed with the clerk of the trial court within the time prescribed by the statute." (179 Kan. 675.)

Adherence to the foregoing decisions and what has been heretofore stated and held compels a conclusion the instant appeal was not perfected in accord with the requirements of 60-3306, *supra*, or within the time prescribed by 60-3309, *supra*. Therefore this court has no jurisdiction to entertain such appeal and plaintiff's challenge of its right to do so must be upheld.

The appeal is dismissed.