No. 42,286

NATIONAL RESERVE LIFE INSURANCE COMPANY, *Appellee*, v. DON HAND, *Appellee*; HOMER R. MOSLEY, FLORA B. HANNA, TESSA C. HANNA III, a Minor, KARREN L. HANNA, a Minor, *Defendants*; FLORA B. HANNA, Administratrix of the Estate of Tessa C. Hanna, Jr., Deceased, *Appellant*; REGAL ENTERPRISES, INC., et al., *Defendants*.

(368 P. 2d 447)

522

Opinion filed July 8, 1961.

*Payne H. Ratner,* of Wichita, argued the cause, and *Thad Hanna, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner, Edmund R. Learned, James R. Barr, Frank W. Hylton* and *R. R. Barnes,* all of Wichita, were with him on the briefs for the appellant.

*Ferd E. Evans, Jr.,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing, Ralph R. Brock, Joseph W. Kennedy* and *C. Robert Bell,* all of Wichita, were with him on the brief for the appellee, National Reserve Life Insurance Company.

*Glenn J. Shanahan,* of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff, Garner E. Shriver, Orlin L. Wagner* and *James D. Van Pelt,* all of Wichita, were with him on the brief for appellee, Don Hand.

The opinion of the court was delivered by

PRICE, J.: Because of the disposition being made of this case— only two questions require discussion.

The first concerns the sufficiency of the notice of appeal to confer jurisdiction upon this court to entertain the appeal.

The second concerns the right of an appellant—under the facts and circumstances hereafter related—to amend his notice of appeal.

The action was by the National Reserve Life Insurance Company (hereafter referred to as plaintiff) to foreclose a real-estate mortgage. There were a number of defendants—among them being Regal Enterprises Inc. (hereafter referred to as Regal). A judgment *in personam* was rendered against Regal; judgments *in rem* against certain other defendants—and foreclosure of the mortgage was decreed.

On August 3, 1960, Flora B. Hanna, administratrix (hereafter referred to as appellant), filed and served her notice of appeal. This notice was directed to and served upon plaintiff and various other parties to the litigation, not here material. The notice made no mention of Regal, however, and neither was it served on Regal.

Nine months later—on May 3, 1961, and while the appeal was pending—appellant filed in this court a motion for leave to amend her notice of appeal by adding thereto the name of Regal, which "through error and inadvertance," had been omitted previously.

On May 12, over the objection of plaintiff, the motion to amend was allowed, and on May 17 appellant filed and served her amended notice of appeal. The appeal was argued in this court on June 8.

In the meantime, plaintiff filed a motion to dismiss the appeal on the principal ground that Regal, being an "adverse party whose rights are sought to be affected by the appeal," was not served with notice of appeal within the period provided by law—therefore the pretended appeal was a nullity and conferred no jurisdiction upon this court to entertain it.

The mere fact that on May 12 the motion to amend was allowed does not preclude plaintiff from asserting its motion to dismiss, and neither does it foreclose this court from deciding the ultimate question—was the appeal properly perfected? (*Harshbarger v. Carson*, 180 Kan. 241, 247, 303 P. 2d 143.)

Involved in this matter are the provisions of three statutes relating to appeals.

G. S. 1949, 60-3306, in pertinent part provides:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . . Proof of such service shall be made by affidavit, . . .; and thereupon the appeal shall be deemed to be perfected."

G. S. 1949, 60-3309, reads:

"The appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken: . . ."

G. S. 1949, 60-3310, provides:

"Any notice of appeal may be amended at any time by bringing in additional parties or otherwise, before the hearing, as to the appellate court may seem fit, and in case such court shall deem it necessary that it have papers or entries that have not been transmitted to it, it may require their immediate certification and transmission."

Without going into the merits of the case as disclosed by the evidence in the trial court, it may be stated as a fact that the interests of appellant and Regal were adverse to each other. Regal

was a party to the litigation, and it was to its interest that the judgment of the trial court be upheld. It therefore was an "adverse party" within the meaning of 60-3306. (*In re Estate of Weaver,* 170 Kan. 321, 224 P. 2d 1004; *In re Estate of Johnson,* 177 Kan. 368, 279 P. 2d 271.)

In support of its motion to dismiss plaintiff contends that under 60-3306 three distinct steps are to be taken in order to perfect an appeal—(1) filing of the notice; (2) service upon all adverse parties whose rights are sought to be affected, and (3) proof of service—that under 60-3309 all three steps must be taken within two months from the date of the judgment or order from which the appeal is taken, and, no service being had on Regal until long after the two months' period, no valid appeal was perfected and therefore there was nothing to amend.

Appellant, on the other hand, contends that 60-3310 permits the amendment of a notice of appeal "by bringing in additional parties" at any time before the hearing of the appeal (*Grant v. Reed,* 163 Kan. 105, 179 P. 2d 945; *Grant v. Reed,* 163 Kan. 697, 186 P. 2d 239; *Matthews v. Jackson,* 176 Kan. 397, 271 P. 2d 798), and that the amendment here made cured any possible defect in the notice.

In the Grant case the appellant had sought to amend the notice of appeal by bringing in an additional party after the two months' period (60-3309) had expired. A motion to dismiss the appeal was denied, and in the second appearance of the case, above, it was held:

"When an appeal has been taken from the district court to this court within the time provided by G. S. 1945 Supp. 60-3309, but the appeal is defective because of the lack of a necessary party to the appeal, this court has authority under G. S. 1935, 60-3310, to permit an amendment with respect to the party upon motion, timely made therefor, at any time before the hearing of the appeal upon its merits." (syl.)

and said:

"There has been no hearing upon the merits of this case in this court, hence the action taken and the amendment to the notice of appeal was taken in time. To sustain the movant's contention now before us it would be necessary to delete from the statute last quoted [60-3310] the words 'before the hearing' and substitute therefor 'before the time provided for appeal.' We would not be justified in doing that." (p. 698.)

In the Matthews case a motion to amend the notice of appeal by making a bank an additional party was filed. "Without deciding the interesting question of whether the bank was a necessary party to the appeal," (p. 403) the amendment was allowed and the case

was considered on the merits as though the notice of appeal had been served on the bank in the first place.

Concededly, the Grant cases are strong authority for appellant's contention that under 60-3310 she had the right to amend her notice of appeal by including Regal therein at any time prior to the hearing of the appeal, and that such amendment cured the earlier defect.

On the other hand, examination of later decisions of this court discloses that a much more strict construction has been placed on the three mentioned statutes—when construed together—and that the rule of the Grant cases—inferentially, if not directly—has been altered.

In the case of *Polzin v. National Cooperative Refinery Ass'n*, 179 Kan. 670, 298 P. 2d 333, dismissal of the appeal was sought on the ground that proper proof of service of the notice as provided by 60-3306 was not made within the two months' period provided by 60-3309—therefore the appeal was a nullity. While the case involved no question as to necessary parties or the right to amend, nevertheless we believe that what was there said and held, and in the opinion on motion for rehearing and modification at 180 Kan. 178, 302 P. 2d 1003, bears directly on the question here presented.

At page 673 of the original opinion it was said that this court has only such appellate jurisdiction as is conferred by statute pursuant to the constitution, and that an appeal which is not perfected within the time prescribed by the statute is a nullity and may not be amended. At page 677 of the same opinion appears the following:

"The language of G. S. 1949, 60-3306 is clear and unambiguous. It provides three steps must be taken to perfect an appeal when the adverse parties or their attorneys of record reside in this state. They are: (1) '. . . by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court. . . .'; (2) a copy of 'such notice must be personally served on all adverse parties whose rights are sought to be affected . . . or their attorneys of record . . .' and (3) 'proof of such service shall be made by affidavit . . . and thereupon the appeal shall be deemed to be perfected.' Compliance with one or two of these requirements does not perfect an appeal; the party appealing must comply with all three of them and within the time prescribed by G. S. 1949, 60-3309, . . ."

In the second opinion the above-quoted statements were adhered to—the only modification of the original opinion being with respect to the manner of making proof of service.

The appeal was dismissed for noncompliance with the mentioned statutory requirements.

In *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341, a motion was filed to dismiss the appeal on the ground the appellants had failed to make proof of service within the two months' period (60-3309) allowed for perfecting an appeal. After the expiration of the two months' period the appellants filed a motion to amend the notice, pursuant to 60-3310, by adding a jurat to their proof of service. Leave to amend was denied and the appeal was dismissed. In discussing the question, what was said in the Polzin cases with respect to the three essentials in perfecting an appeal was followed and adhered to, and paragraph two of the syllabus reads:

"The provisions of G. S. 1949, 60-3310 relating to the amendment of notices of appeal have no application unless a valid appeal has been perfected within the time prescribed by G. S. 1949, 60-3309."

In the course of the opinion it was said:

"At the outset it can be stated the inviolate rule, under all our decisions dealing with the subject, is that where the record discloses lack of jurisdiction by reason of noncompliance with the essential requirements of 60-3306 and 60-3309, *supra*, it is the duty of this court to dismiss an appeal." (p. 619.)

"In reaching the conclusion just announced we have not overlooked the fact that appellant Thompson and, we may add, appellant State Corporation Commission, have each filed motions that they be permitted to amend their notices of appeal, pursuant to G. S. 1949, 60-3310, by adding a jurat to their proof of service. We are not here disposed to write a thesis on the conditions and circumstances under which appeals, when once validly perfected, can be amended pursuant to the provisions of the foregoing statute. The trouble from appellants' standpoint is that such statute has no application unless a valid appeal has been perfected." (Citing cases.) (p. 621.)

In *Nicolay v. Parker*, 185 Kan. 481, 345 P. 2d 1013, the appeal was dismissed because no proof of service of the notice of appeal, as required by 60-3306, was timely filed (60-3309), even though it was admitted that the notice was in fact properly and timely served, and it was said "that unless the appeal be perfected *in all particulars*, as provided in section 60-3306, this court has no jurisdiction under the constitution and statutes of the state and is powerless to act in the matter." (p. 482.) (Our emphasis.)

To the same effect is *Krehbiel v. Juhnke*, 186 Kan. 514, 351 P. 2d 206.

In *In re Estate of Bergner*, 173 Kan. 582, 250 P. 2d 781, it was held (syl. 2) that where necessary parties have not been joined on appeal the appellate court acquires no jurisdiction of the cause and the ap-

peal will be dismissed. (See also *Martin v. Forestry, Fish and Game Commission,* 185 Kan. 796, 347 P. 2d 276.)

It is clear that in the cases subsequent to the second appearance of the *Grant v. Reed* case, above, the court has placed a strict construction on the provisions of 60-3306, 60-3309 and 60-3310. 60-3306 sets out the three essentials of a valid notice of appeal and reads that "thereupon the appeal shall be deemed to be perfected." Those essentials are summarized in the quotation from the Polzin case, above, where it also was said that compliance *with all three,* within the time provided by 60-3309, is necessary in order to perfect an appeal. In the Thompson case, above, it was specifically held that 60-3310, relating to the amendment of a notice of appeal, has *no* application unless a valid appeal has been perfected within the time prescribed by 60-3309, and appellants there were denied the right to amend their notices of appeal by adding a jurat to their proof of service.

The matters just discussed are not to be confused with a situation such as where a *valid appeal has been perfected* but an appellant later seeks permission to amend the notice so as to enlarge the scope of review (*Deal Lumber Co. v. Vieux,* 179 Kan. 760, syl. 1, 298 P. 2d 339; *King v. King,* 183 Kan. 406, 412, 413, 327 P. 2d 865). And neither are they to be confused with a situation such as where, *prior* to the expiration of the two months' period, an appellant seeks permission to amend the notice of appeal with respect to any of the three essential requirements of a valid appeal—in which event he of course would have the right to do so.

In the case before us appellant argues that to deny her the right to amend her notice of appeal in effect nullifies the very language of 60-3310. One answer to this contention is that the mentioned section must be construed in conjunction with 60-3306 and 60-3309, and that inherent in its language is meant that only a *valid* appeal, which has been timely perfected, may be amended on the terms and under the circumstances therein set forth. (See the Thompson case, above.) To hold otherwise ignores the literal provisions of 60-3306 and 60-3309, and if there is any inconsistency in the language of the three sections we believe that orderly appellate procedure requires the construction which is being placed upon them, and that anything to the contrary said or held in *Grant v. Reed,* 163 Kan. 105, 179 P. 2d 945, and *Grant v. Reed,* 163 Kan. 697, 186 P. 2d 239, should be and is hereby disapproved.

In passing, it should be noted that a strict construction also has been given to the section of the probate code (G. S. 1949, 59-2405) relating to appeals from the probate court to the district court. (*In re Estate of Demoret,* 169 Kan. 171, 218 P. 2d 225; *In re Estate of Freshour,* 177 Kan. 492, 280 P. 2d 642; *In re Estate of Allgire,* 183 Kan. 527, 331 P. 2d 296.)

Summing up these matters, we therefore hold:

60-3306 contains three essentials for the perfection of a valid appeal: (1) filing of the notice; (2) service upon all adverse parties whose rights are sought to be affected by the appeal, and (3) proof of service. Compliance with all three requirements must, under 60-3309, be made within two months from the date of the judgment or order from which the appeal is taken, in order to perfect a valid appeal. With respect to matters—such as to enlarge the scope of review, for example—60-3310 permits an amendment, if otherwise proper, of a *valid* notice of appeal, at any time before the hearing. The section is not construed, however, to permit an amendment with respect to any of the three essentials contained in 60-3306 *after* the two months' period provided for by 60-3309 has expired. In other words, as was said in the Thompson case, above, the provisions of 60-3310 have no application unless a *valid* appeal has been perfected within the time prescribed by 60-3309.

Here the appellant failed to serve the notice of appeal upon all adverse parties within the time prescribed—that is, one of the three essentials was missing. No valid appeal, therefore, was perfected, and the attempted appeal was a nullity. No valid appeal being perfected, there was nothing to amend. The result is that the appeal must be dismissed.

It is so ordered.

SCHROEDER, J., dissenting: In my opinion the court ignores the plain meaning of G. S. 1949, 60-3310. The language is clear. It *authorizes any notice of appeal* to be amended *at any time* by bringing in *additional parties, before the hearing, as to the appellate court may seem fit.*

This section of the statute was construed in *Grant v. Reed,* 163 Kan. 105, 179 P. 2d 945, and in *Grant v. Reed,* 163 Kan. 697, 186 P. 2d 239. On the second appearance of the case before the Supreme Court the statute was construed in accordance with its clear meaning in no uncertain language when it said:

"While more might be said upon the question we think that it is unnecessary. Our problem is to interpret our own statute and to follow it, and where our statute says that the notice of an appeal may be amended as to parties at any time before the hearing we do not feel justified in saying that the amendment has to be made within some other period of time." (p. 699.)

The foregoing construction of the statute was followed in *Matthews v. Jackson*, 176 Kan. 397, 271 P. 2d 798, and up to this time no case has departed from such construction where amendment of the notice of appeal sought to bring in additional parties.

To say this court has no jurisdiction because an appeal has not been properly perfected by serving all adverse parties with the notice of appeal under G. S. 1949, 60-3306, within the period of time authorized for appeal under G. S. 1949, 60-3309, is, in my opinion, nonsense. To adopt the construction the court now places on 60-3310, *supra,* is to write such section out of the code so far as amendment as to parties is concerned. The legislature certainly meant something by adding the section immediately after 60-3309, *supra.* What it meant was to *give the appellate court authority* to permit amendment as to parties "at any time" in accordance with the plain language of 60-3310, *supra.*

An analysis of other cases upon which the court relies will disclose they were controlled by different factual situations then confronting the court, and general language used in disposing of these cases did not have the effect of overruling the construction of 60-3310, *supra,* placed upon it by the *Grant* case. In *Thompson v. Groendyke Transport, Inc.,* 182 Kan. 616, 322 P. 2d 341, for example, the appellant failed to perfect an appeal by making *proof of service* within two months from the date of judgment and was held not to have perfected an appeal in accordance with 60-3306, *supra.*

This court was confronted with the prior construction of a statute in *Prowant, Administratrix v. Kings-X,* 184 Kan. 413, 337 P. 2d 1021; reversed on rehearing in 185 Kan. 602, 347 P. 2d 254. The majority of the court ultimately felt in that decision the statute under consideration was erroneously construed in the first instance. Decisions following the prior construction announced in *McCarthy, Adm'r, v. Railroad Co.,* 18 Kan. 46, while criticizing the rule, followed the doctrine of *stare decisis.*

Here, however, there has never been criticism of the construction of 60-3310, *supra,* in accordance with its plain and unambiguous language. In the *Prowant* case the court overruled a long line of

decisions and switched to a construction of the statute which was in accordance with its clear and unambiguous language, while here the court is doing absolutely the opposite.

There is another reason why a departure from the construction of 60-3310, *supra*, as heretofore made is erroneous.

Legal history reveals that the system of jurisprudence in any given organized governmental society gradually goes through a process of evolution in which it matures. Those societies which are said to be more mature pay less attention to procedural matters and more attention to the substantive rights of the parties in resolving matters litigated. In my opinion the decision of the court herein leads in the wrong direction. It promotes the disposition of matters litigated at the procedural stage of a case. Maturity in our system of jurisprudence would suggest the litigation should be determined on the basis of the parties' substantive rights.

The court should exact of itself the same discipline that it requires of a trial judge when he is called upon to exercise the power of *judicial discretion*. In *Fisher v. Pendleton,* 184 Kan. 322, 336 P. 2d 472, 74 A. L. R. 2d 1274, in speaking of the discretionary powers of a trial judge this court said:

". . . Such discretionary power is granted under the statute in the furtherance of justice relative to the substantive rights of the parties, and not to impede justice with respect to such rights. In other words, procedural matters are designed to aid parties litigant in a court of law to resolve conflicts on the basis of their substantive rights, and they are not designed for use by a trial court to the prejudice of such rights. . . ." (p. 333.)

The decision of the court herein not only fails to recognize the foregoing mandate, but has usurped the power of the legislature in writing 60-3310, *supra*, out of our code insofar as amendment of the notice of appeal as to parties is concerned.

Where the plain meaning of a statute has heretofore consistently been construed by the court in accordance with its plain and unequivocal language, the doctrine of *stare decisis* should be persuasive and control the decision. (See dissenting opinions in *Prowant, Administratrix v. Kings-X,* 185 Kan. 602, 603, 347 P. 2d 254; and in *Williams v. Davis,* 188 Kan. 385, 390, 362, P. 2d 641.)

In my opinion the court, having granted the appellant leave to amend her notice of appeal to include an additional party, should adhere to its prior decision and to the construction placed upon 60-3310, *supra*, in the *Grant* case. Disposition of this litigation should be on the basis of the parties' substantive rights.