No. 43,278

STATE OF KANSAS, *Appellee*, v. LELAND KING, *Appellant*.

(380 P. 2d 325)

Opinion filed April 6, 1963.

*Leland King*, appellant, was on the briefs *pro se*.

*Robert E. Hoffman*, Assistant Attorney General, argued the cause, and *William M. Ferguson*, Attorney General, and *Allyn McGinnis*, County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The appellant (Leland King) is presently confined in the Kansas State Penitentiary at Lansing under a judgment of the district court of Butler County on pleas of guilty for committing the crimes of burglary in the second degree and grand larceny. The sentences were imposed on September 4, 1953, to run consecutively.

On or about February 7, 1962, appellant filed an application for a writ of error *coram nobis*, in the district court of Butler County, wherein he charged he should have been sentenced for the crimes of burglary in the third degree instead of burglary in the second degree because the offense of burglary, for which he had been sentenced, was committed in the daytime instead of the nighttime. The district court examined the entire record in the case and denied the involved application on March 5, 1962. Subsequently appellant filed a notice of appeal with the clerk of the district court, stating that he was appealing from the final order of the district court denying the application. He also filed a purported proof of service of the notice of appeal, the recitals of which make it affirmatively appear he had failed to serve a copy of such notice on the adverse

party (the State—appellee) or its attorneys of record. Indeed, it may be stated that an examination of the record definitely establishes that no copy of the notice of appeal involved in this case has ever been served upon the adverse party or its attorneys of record as required by the provisions of G. S. 1949, 60-3306.

At the outset, after pointing out that under the common law, as well as our decisions (See *State v. Miller*, 161 Kan. 210, 166 P. 2d 680, certiorari denied, 329 U. S. 749, 91 L. Ed 646, 67 S. Ct. 76; *State v. Robertson*, 190 Kan. 775, 378 P. 2d 39.), proceedings upon application for a writ of *coram nobis* are regarded as civil in character, we are confronted by appellee with the question whether appellant has perfected an appeal in the manner and form required by our statute (G. S. 1949, 60-3306 and 60-3309). This presents a jurisdictional question which must be determined before any consideration can be given to the merits of the instant appeal.

Turning to the subject just mentioned it may be stated that the jurisdiction of this court to entertain an appeal is conferred by statute, pursuant to Article 3, Section 3 of the Constitution of Kansas and, when the record discloses lack of jurisdiction by reason of noncompliance with the above noted sections of the statute, it is the duty of the Supreme Court to dismiss the appeal. (See *Polzin v. National Cooperative Refinery Ass'n*, 179 Kan. 670, 298 P. 2d 333, on rehearing 180 Kan. 178, 302 P. 2d 1003; *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341, and the numerous decisions there cited.)

60-3306, *supra*, prescribes the manner in which appeals must be perfected. The provisions here involved read:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; or, if such service cannot be made within the state, service may be made by a notice, properly addressed to such persons or their attorneys of record at their places of residence, deposited in the mail, if their places of residence are known. *Proof of such service shall be made by affidavit, . . .; and thereupon the appeal shall be deemed to be perfected.*" (Emphasis supplied.)

60-3309, *supra*, limits the time for the perfection of appeals. Its pertinent provisions read:

"The appeal *shall be perfected within two months* from the date of the judgment or order from which the appeal is taken: . . ." (Emphasis supplied.)

There is no ambiguity in 60-3306, *supra.* Its clear and unequivocal requirements are set forth in our recent decision of *National Reserve Life Ins. Co. v. Hand,* 188 Kan. 521, 363 P. 2d 447, where it is held:

"G. S. 1949, 60-3306, contains three requirements for the perfection of an appeal: (1) filing of the notice; (2) service upon all adverse parties whose rights are sought to be affected by the appeal, and (3) proof of service. Not until all three requirements are met is an appeal perfected." (Syl. ¶ 2.)

What has been heretofore stated makes it clearly appear that appellant failed to comply with the second requirement of the provisions of 60-3306, *supra,* by failing to serve a copy of the involved notice of appeal upon the appellee or its attorneys of record and, it goes without saying, that he failed to comply with the third requirement of such section by reason of his inability to do so because he had not complied with the second.

Thus we come to what must be the all-decisive question: In the face of the uncontroverted factual situation existing in the case at bar, does this court have jurisdiction of appellant's attempted appeal? That this question requires a negative answer is squarely answered by our established decisions. See, *e. g., Dean v. Amrine,* 155 Kan. 513, 126 P. 2d 213, which holds:

"A notice of appeal of a civil action filed in the district court but which was not served on the adverse party or his attorney of record gives this court no jurisdiction of the appeal." (Syl.)

For a few of our numerous decisions of like import, both civil and criminal—including those heretofore specifically referred to, without reciting them—see *State v. Chance,* 190 Kan. 661, 378 P. 2d 11; *McGuire v. McGuire,* 190 Kan. 524, 528, 529, 376 P. 2d 908; *State v. Hanes,* 187 Kan. 382, 357 P. 2d 819; *Krehbiel v. Juhnke,* 186 Kan. 514, 351 P. 2d 206; *State v. Combs,* 186 Kan. 247, 350 P. 2d 129; *Martin v. Forestry, Fish and Game Commission,* 185 Kan. 796, 798, 347 P. 2d 276; *State v. Shehi,* 185 Kan. 551, 345 P. 2d 684; *Nicolay v. Parker,* 185 Kan. 481, 345 P. 2d 1013; *State v. Sims,* 184 Kan. 587, 337 P. 2d 704; *Cochran v. Amrine,* 155 Kan. 777, 779, 130 P. 2d 605, and the many cases therein cited.

Application of the rule of the foregoing decisions, to which we adhere, compels a conclusion the appellee's challenge of appellant's right to maintain the instant appeal because this court has no jurisdiction to entertain it must be upheld.

The appeal is dismissed.