(563 P.2d 502)

No. 48,191

FRONTIER DITCH COMPANY, Coolidge, Kansas, and FORT AUBREY IRRIGATION COMPANY, Syracuse, Kansas, *Appellants*, v. CHIEF ENGINEER OF THE DIVISION OF WATER RESOURCES, KANSAS STATE BOARD OF AGRICULTURE, *Appellee.*

FORT AUBREY IRRIGATION COMPANY, Syracuse, Kansas, *Appellant*, v. CHIEF ENGINEER OF THE DIVISION OF WATER RESOURCES, KANSAS STATE BOARD OF AGRICULTURE, *Appellee.*

Opinion filed April 15, 1977.

*Jim D. Mills,* of Fleming, Haag, Hope, Mills & Bolin, of Garden City, and *Jack F. Ross,* of Denver, Colorado, for appellants.

*Kenneth M. Wilke,* special assistant attorney general, *Curt T. Schneider,* attorney general, and *John Martin,* assistant attorney general, for appellee.

Before REES, P.J., FOTH and SWINEHART, JJ.

REES, J.: The appellants prosecuted appeals to the district court of Hamilton county from two orders made by the chief engineer of the division of water resources of the Kansas state board of agriculture. The two appeals were consolidated by the district court and then dismissed for lack of subject matter jurisdiction. Appellants duly appealed to the supreme court and the cases are before this court for review upon order of transfer.

The chief engineer issued and mailed his orders on June 10, 1974, and June 21, 1974. On August 8, 1974, the appellants filed their notices of appeal with the clerk of the district court of Hamilton county. Copies of the notices had been sent by certified

mail to the chief engineer on August 7 and they were received by his office on August 8. There was typed on and made a part of each notice filed with the clerk a certificate of service reciting that a copy had been mailed to the chief engineer on August 7. The certificates were signed by counsel for the appellants. On August 1, 1975, in connection with pretrial proceedings, counsel for appellants filed an affidavit reciting the facts of his mailing of the copies of the notices and the return to him of a receipt showing delivery. On September 30, 1975, the certified mail receipt was filed with the court. The trial court held that there was no subject matter jurisdiction for the reason that service of the notices of appeal was required to be proved by affidavit filed within sixty days from the dates of the challenged orders. There are no questions raised concerning the contents of the notices of appeal, the timeliness of filing of the notices with the clerk of the district court, or the propriety of service of the notices upon the chief engineer.

K.S.A. 82a-724 was enacted in 1957 and it has governed appeals to district courts from orders and decisions of the chief engineer since that time. Insofar as pertinent to our decision herein, that statute reads:

". . . Any such appeal must be filed within sixty (60) days after the date of mailing of the notice of the order or decision . . . Such an appeal shall be taken by serving upon the chief engineer a written notice of appeal specifying the order or decision appealed from, with a demand for certified copies of all pertinent papers on file in his office relating to the order or decision appealed from. Such an appeal shall be perfected by filing with the clerk of the district court a copy of the notice of appeal together with proof of service. . . ."

Although requiring that "a copy of the notice of appeal together with proof of service" be filed with the clerk of the district court within sixty days from the date of mailing of the notice or order, the statute does not prescribe what constitutes "proof of service."

Prior to 1964, G.S. 1949, 60-3308 was in effect, and it provided that:

"Appeals to courts other than the supreme court shall be taken and proceedings therein had in the same manner as is herein provided for appeals to the supreme court, except where special provision with reference to such appeals is made by statute."

Appeals to the supreme court were required by G.S. 1949, 60-3309 to be perfected within two months from the date of judg-

ment or order. G.S. 1949, 60-3306 set forth the procedure to be followed and required filing of notice of appeal, service of the notice of appeal on adverse parties, and proof of service, as follows:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; . . . Proof of such service shall be made by affidavit; . . ."

Under those statutes, proof of service was required to be made by the filing of an affidavit and there was no subject matter jurisdiction if the copy of notice of appeal and the affidavit were not both filed within the prescribed time. *Krehbiel v. Juhnke*, 186 Kan. 514, 351 P. 2d 206; *Nicolay v. Parker*, 185 Kan. 481, 345 P. 2d 1013; *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341.

K.S.A. 82a-724 has not been repealed or amended. G.S. 1949, 60-3308 has been repealed and it was replaced as of January 1, 1964, by K.S.A. 60-2101(*d*) which, insofar as arguably relevant, reads as follows:

"A judgment rendered or final order made by an administrative board or officer exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. . . ."

K.S.A. 60-2103(*b*), as in effect prior to January 10, 1977, provided that "[t]he appealing party shall cause notice of the appeal [to the supreme court] to be served . . . as provided in K.S.A. 60-205." K.S.A. 60-205 makes no requirements for proof of service. There simply are no proof of service requirements in our code of civil procedure that are applicable to the cases before us.

To hold that K.S.A. 82a-724 requires that proof of service be made by affidavit necessitates incorporation into that statute of provisions of a statute long ago repealed. This we decline to do. When a statute is revised and some parts are omitted, the omitted parts are generally to be considered as annulled. We must presume that the legislature in deleting the statutory requirement of proof of service by affidavit intended thereby to effect a change

in the law and that it was fully aware of the impact of the change which was made. (*State, ex rel. v. Richardson,* 174 Kan. 382, 256 P. 2d 135; *State v. Beard,* 197 Kan. 275, 416 P. 2d 783.)

There is an additional and more compelling reason for not reading into K.S.A. 82a-724 parts of our code of civil procedure even if relevant provisions might be found. K.S.A. 60-2101(*d*) expressly makes relevant provisions of the code of civil procedure applicable to an appeal from an administrative decision "[i]f no other means for perfecting such appeal [to the district court] is provided by law." As to an appeal from an order or decision of the chief engineer under K.S.A. 82a-701, *et seq.,* K.S.A. 82a-724 provides an "other means for perfecting such appeal."

What constitutes "proof of service" sufficient to satisfy K.S.A. 82a-724? The question is one of first impression. *City of Hesston v. Smrha,* 184 Kan. 223, 336 P. 2d 428, is of no assistance for the reason that the appeals to the district court in that and related litigation were taken prior to the enactment of K.S.A. 82a-724. As we have noted, we find no help in our code of civil procedure. K.S.A. 60-312 governs proof of service of process and does not relate to appeals or service of pleadings other than the petition.

In the federal courts, proof of service under Rule 5, Fed. R. Civ. P., is a matter of local rule in a number of district courts. Wright and Miller, Federal Practice and Procedure, Sec. 1150. In *Timmons v. U.S.,* 194 F.2d 357 (4th Cir. 1952), cert. den. 344 U.S. 844, 97 L. Ed. 656, 73 S.Ct. 59, an attorney's certificate of service of requests for admissions was unsuccessfully attacked as inadequate on the ground that the certificate was not supported by affidavit. The court found that Rule 5, Fed. R. Civ. P. (the federal counterpart of K.S.A. 60-205), includes no requirement of proof of service and stated in part:

". . . The addition of an affidavit . . . would have added nothing to the effect of the certificate since it would constitute merely a voluntary act of the affiant; and the absence of the affidavit did not absolve the certifier from the criminal sanctions applicable to one who corruptly obstructs the administration of justice in the federal courts." (p. 361.)

Appellee has provided us with no authority that proof of service must necessarily be made by affidavit in the absence of statutory requirement or court rule. Our research has failed to develop such authority.

We hold that under K.S.A. 82a-724 certificate of counsel is

sufficient as proof of service and that the filing of certificate of counsel with the copy of notice of appeal within the statutory period meets the requirement for perfection of appeal and the invocation of the appellate jurisdiction of the district court. Possible requirement for an affidavit or other evidentiary proof of the fact of service upon reasonable challenge of the content of the certificate is another matter and not now before us. K.S.A. 60-211 eliminates the need for verification of pleadings or the furnishing of an accompanying affidavit where there is certification of counsel. Similarly, certificates of service signed by members of the bar of this state should be given such evidentiary effect as would be afforded the same statements if made by affidavit.

In view of our holding that appellants effectively invoked the appellate jurisdiction of the district court by filing both copy of notice of appeal and certificate of counsel as proof of service within sixty days following the chief engineer's order or decision in each case, it is not necessary for us to discuss other arguments of appellants.

The order dismissing the appeals for lack of jurisdiction of the subject matter is reversed and the cases are remanded to the trial court for further action.