John P. Wheeler, Jr. Finney County Attorney 405 North Eighth Street Garden City, Kansas 67846
Dear Mr. Wheeler:
You request our opinion concerning whether the Kansas Code for Care of Children (Code) precludes municipal courts and district courts hearing county resolution violations, from taking jurisdiction in cases where a child under the age of 18 commits an act which violates a municipal ordinance or county resolution that prohibits certain acts when committed by children under 18. For example, you indicate that both Garden City and Finney County have curfew laws prohibiting children under 18 from being out in public past certain hours. Parents and guardians are fined in municipal court or district court, respectively, for the curfew violations of their children, and the children are referred to the county attorney for processing under the Code because the latter gives original jurisdiction to the district court to hear cases involving a "child in need of care." A child who does an act that is prohibited by a city ordinance or county resolution that does not prohibit the same activity if committed by an adult is defined as a child in need of care and, therefore, worthy of the State's protection. The city also has a "huffing" ordinance that prohibits children under the age of 18 from inhaling fumes of paint or glue. Children taken into custody for such acts are not prosecuted in municipal court but are referred to the county attorney for processing under the Code.
In short, you inquire whether municipal courts and district courts may entertain matters involving violations of city ordinances or county resolutions that prohibit a child from committing certain acts that are not prohibited if committed by an adult, or whether the district court has exclusive jurisdiction under the Kansas Code for Care of Children.
K.S.A. 38-1501 provides, in part, as follows:
 "K.S.A. 38-1501 through 38-1593 shall be known as . . . the Kansas code for care of children and shall be liberally construed, to the end that each child within its provisions shall receive the care, custody, guidance, control and discipline, preferably in the child's own home, as will best serve the child's welfare and the best interests of the state. All proceedings, orders, judgments and decrees shall be deemed to have been taken and done in the exercise of the parental power of the state. Proceedings pursuant to this code shall be civil in nature."
K.S.A. 38-1503 provides, in part, as follows:
 "(a) Proceedings concerning any child who appears to be a child in need of care shall be governed by this code."
 "(b) [T]he district court shall have original
jurisdiction to receive and determine proceedings under this code." (Emphasis added)
K.S.A. 1996 Supp. 38-1502 defines a child in need of care as "a person less than 18 years of age who . . . does an act which, when committed by a person under 18 years of age, is prohibited by . . . city ordinance or county resolution but which is not prohibited when done by an adult."
K.S.A. 1996 Supp. 38-1527(b) provides, in part, as follows:
 "A law enforcement officer may take a child under 18 years of age into custody when the officer has probable cause to believe that the child is a child in need of care and that there are reasonable grounds to believe that the circumstances or condition of the child is such that continuing in the place or residence in which the child has been found or in the care and custody of the person who has care or custody of the child would be harmful to the child." (Emphasis added)
K.S.A. 38-1529 authorizes a county or district attorney to "review the facts and . . . any other evidence available and make a determination whether or not the circumstances warrant the filing of the petition."
The Kansas Laws of 1905 created a juvenile court in each county whose jurisdiction pertained to the "care of dependent, neglected and delinquent children." L. 1905, Ch. 190, § 1. A delinquent child included a child less than 16 who violated a city ordinance. L. 1905, Ch. 190, § 2. If such a child were arrested, the law required the child to be taken before the judge of the juvenile court in lieu of being taken before a judge of any other court. Police magistrates and judges of any other court were required to transfer any criminal case involving a child under 16 to the juvenile court. L. 1905, Ch. 190, § 11. In State v. Dunn, 75 Kan. 799
(1907), the Kansas Supreme Court concluded that the juvenile court had exclusive jurisdiction of all cases involving a child under the age of 16 who was charged with a criminal offense, including city ordinance violations. In Swehla v. Malone, 114 Kan. 712 (1923), the court held that a police court (which is the equivalent today to a municipal court) had no jurisdiction to hear a case involving a child under the age of 16 who had violated a city traffic ordinance which resulted in a conviction and a fine against the child.
In 1957, a new Juvenile Code was enacted which gave exclusive original jurisdiction to the juvenile court in matters concerning children who appeared to be delinquent, miscreant, wayward, traffic offenders, truants or dependent and neglected. K.S.A. 38-806
(repealed L. 1982, Ch. 182, § 150). A miscreant child was defined as a child less than 18 who committed an act prohibited by city ordinance or county resolution that was not prohibited if committed by an adult. K.S.A. 38-802
(repealed L. 1982, Ch. 182, § 150). This new Code included the 1905 provision requiring that a child taken into custody be delivered to the juvenile court rather than a municipal court judge, magistrate or judge of any other court. K.S.A. 38-815 (repealed L. 1982, Ch. 182, § 150).
In 1982, the Legislature completely revamped the 1957 Juvenile Code by separating it into the Kansas Code for Care of Children and the Kansas Juvenile Offenders Code. The Kansas Code for Care of Children was designed to address situations where a child had been victimized or where the child was found to be a status offender because the child violated a state law, city ordinance or county resolution that prohibited acts committed by children but not by adults. Minutes, House Judiciary Committee, March 16, 1982. The Kansas Juvenile Offenders Code addressed situations where the community had been victimized by juvenile criminal offenders who committed acts which if committed by an adult would be felonies or misdemeanors. Minutes, House Judiciary Committee, March 16, 1982.
A person under the age of 18 who violated a city ordinance or county resolution was no longer classified as a miscreant or wayward child but a "child in need of care." K.S.A. 1996 Supp. 38-1502(a)(7). Law enforcement officers were authorized to take a child under 18 into custody if the child appeared to fall within the definition of a child in need of care and if it appeared that the child would be harmed if the child remained in the home or the place found or if the child remained in the care of a person responsible for the child. K.S.A. 1996 Supp. 38-1527. A county or district attorney could file a child in need of care petition if the circumstances warranted such action. K.S.A. 38-1529.
The 1957 statute that required a municipal judge or any other judge to dismiss a charge and transfer the case to juvenile court for processing under the Juvenile Code was not included in the new Kansas Code for Care of Children thereby casting doubt on the validity of the holdings in the Dunn and Malone cases which had concluded that a municipal court had no jurisdiction to hear cases involving a child accused of violating a city ordinance.
There is a presumption that change in the language of a statute results from a legislative intent to change its effect, but this presumption is not as strong in the case of a general revision or a codification of the law. Board of Education of U.S.D. 512 v. Vic RegnierBuilders, Inc., 231 Kan. 731 (1982) However, even in a general revision, the dropping out of a material provision is deemed the equivalent to its express repeal. Hauserman v. Clay County, 89 Kan. 555, 558
(1913). In Frontier Ditch Co. v. Chief Engineer ofWater Resources, 1 Kan. App. 2d 186 (1977), the district court dismissed an appeal for lack of subject matter jurisdiction because the appellants failed to prove by affidavit that serving the notice of appeal had occurred. The operable statute required only that an appeal be perfected by filing a notice of appeal with proof of service. The district court, relying on repealed statutes that required proof of service by affidavit, concluded that proof of service meant filing an affidavit. The Kansas Court of Appeals reversed the district court and concluded that the Code of Civil Procedure contained no affidavit requirement.
 "To hold that K.S.A. 82a-724 requires proof of service be made by affidavit necessitates incorporation into that statute of provisions of a statute long ago repealed. This we decline to do. When a statute is revised and some parts are omitted, the omitted parts are generally to be considered as annulled. We must presume that the legislature in deleting the statutory requirement of proof of service by affidavit intended thereby to effect a change in the law and that it was fully aware of the impact of the change which was made." 1 Kan. App. 2d at 188.
Prior to 1982, the law was clear that a municipal court, and a district court hearing county resolution violations, had no jurisdiction over cases involving a child under the age of 18 who committed an act prohibited by city ordinance or county resolution but not prohibited when committed by an adult. Only the district court under the Juvenile Code could hear the matter and determine whether the child was in need of the State's protection. However, given the rule of statutory construction cited above and the absence of case law to the contrary, it is our opinion that when the 1957 Juvenile Code was revised in 1982 and the provisions pertaining to dismissal of cases in municipal court and district court for violations of certain city ordinances and county resolutions by children under 18 was omitted in the new Kansas Code for Care of Children, the Legislature intended that the omitted provision be given no further effect thereby allowing municipal courts and district courts to hear cases involving children under the age of 18 who violate city ordinances and county resolutions that prohibit acts only when committed by children under 18.
Municipal courts have jurisdiction over city ordinance violations. K.S.A. 12-4104. District courts have jurisdiction over county resolution violations. K.S.A.19-101d, as amended by L. 1997, Ch. 147, § 8. By statute, municipal courts have jurisdiction over children under 18 who are charged with violating cigarette or tobacco infraction ordinances. Attorney General Opinion No. 96-83. Moreover, municipal courts have jurisdiction over juveniles who violate ordinances that proscribe conduct that is not prohibited by state statute. Attorney General Opinion No. 97-31.
We now conclude that municipal courts, and district courts hearing county resolution violations, may also hear cases where a child under the age of 18 is charged with a city ordinance violation or a county resolution violation that prohibits conduct when committed by a child under 18 which is not prohibited when done by an adult. However, this conclusion does not preclude a county or district attorney from filing a child in need of care petition if the circumstances warrant it, and a district court may determine whether the child is in need of the protection of the state. The Code is designed to protect the child so that the child receives "care . . . guidance, control and discipline . . . as will best serve the child's welfare and the best interests of the state." K.S.A. 38-1501. One curfew violation does not necessarily mean that a child's welfare is jeopardized or that his or her family is in need of guidance from the State. Repeated violations may, however, raise questions about the ability of the parents to control their child and ordinance or county resolution convictions may provide the fodder for a child in need of care determination.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm