Harold T. Walker, Chief Counsel Legal Department of the Unified Government of Wyandotte County/Kansas City, Kansas Ninth Floor, Municipal Office Building 701 North Seventh Street Kansas City, Kansas 66101
Dear Mr. Walker:
As chief counsel for the Unified Government of Wyandotte County, you inquire whether K.S.A. 21-4206, the statute which addresses the disposition of confiscated weapons when no longer needed for evidentiary purposes, authorizes the sale of such weapons by a law enforcement agency and use of the proceeds for the agency's purposes.
K.S.A. 21-4206 provides in relevant part:
 "All other confiscated weapons when no longer needed for evidentiary purposes, shall . . . be . . . forfeited to the law enforcement agency seizing the weapon for use within such agency or traded to another law enforcement agency for that agency's use or forfeited to the Kansas bureau of investigation for law enforcement, testing, comparison or destruction. . . ." (Emphasis added.)
You inquire whether this "use" includes selling the weapons and retaining the sale proceeds for agency purposes. It is our opinion that K.S.A.21-4206 does not authorize sale and retention of the proceeds by a law enforcement agency.
In 1987, K.S.A. 21-4206 was amended to allow weapons that were forfeited to a law enforcement agency to be "traded for materials foruse by such . . . agency or sold and the proceeds . . . used for lawenforcement purposes." (Emphasis added.) In 1992, this provision was repealed and weapons forfeited to law enforcement agencies could only be donated to the Kansas Department of Wildlife and Parks or the Kansas Bureau of Investigation. In 1994, the statute was once again amended as reflected in the present language which allows law enforcement agencies to either use the weapon within the agency, trade it to another law enforcement agency or forfeit it to the Kansas Bureau of Investigation.
There is a presumption that a change in the language of a statute results from a legislative intent to change its effect. Board ofEducation of U.S.D. 512 v. Vic Regnier Builders, Inc., 231 Kan. 731
(1982). The deletion of a material provision is deemed the equivalent of its express repeal. Hauserman v. Clay County, 89 Kan. 555, 558 (1913);Frontier Ditch Co. v. Chief Engineer of Water Resources,1 Kan. App. 2d 186 (1977).
The legislative history of K.S.A. 21-4206 reveals that the Legislature intended the terms "use" and "sold" to mean different things. In 1987, law enforcement agencies were allowed to either trade confiscated weapons for materials that could be "used" by the agency or the weapons could be "sold" and the proceeds used for law enforcement purposes. Clearly, the amendment to K.S.A. 21-4206 in 1992 repealed the authorization given to law enforcement agencies to sell confiscated weapons and keep the proceeds. Therefore, it is our opinion that the term "use" as used in K.S.A. 21-4206 does not encompass the sale of confiscated weapons and the retention of such proceeds by the law enforcement agency.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm